RICHARD A. LEVINE (CSB #91671)
rlevine@shslaborlaw.com
MICHAEL D. SCHWARTZ (CSB # 133619)
mschwartz@shslaborlaw.com
MICHAEL SIMIDJIAN (CSB # 251767)
msimidjian@shslaborlaw.com
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200
P. O. Box 2161
Santa Monica, CA 90407-2161
(310) 393-1486 Telephone
(310) 395-5801 Fax
Attorneys for Defendant ANTHONY SCLAFANI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY SCLAFANI,<br><br>Defendant. | Case No. CR 10-163 JHN<br><br>**DEFENDANT ANTHONY SCLAFANI'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF BIAS OF WITNESS ANDREA HEATH**<br><br>Date:        August 22, 2011<br>Time:       10:00 a.m.<br>Courtroom: 17<br><br>Honorable Terry J. Hatter<br>United States District Judge |

I.   <u>INTRODUCTION</u>

Defendant Sclafani has been indicted for allegedly violating 18 U.S.C. § 242. Presumably, the government will seek the testimony of Andrea Heath in support of its case. In her grand jury testimony, Heath fabricated key aspects because of a bias she irrationally holds against Defendant Sclafani. As part of his defense, Defendant Sclafani intends to impeach Heath's testimony by introducing evidence regarding Heath's bias against him. Defendant Sclafani requests that this Court grant the Motion in Limine as the evidence concerning Heath's bias against him is relevant

and not unduly prejudicial.

II.   ARGUMENTS

    A.   <u>DEFENDANT SCLAFANI WILL PRODUCE LIVE TESTIMONY TO DEMONSTRATE HEATH'S BIAS AGAINST HIM</u>

Defendant Sclafani, in his initial Memorandum of Points and Authorities, indicated that he would seek to introduce evidence of witness Andrea Heath's bias against Defendant Sclafani. In its response, the government asserted that the Motion in Limine lacked specificity, and this was grounds for denial of the motion. Gov.'s Response 3:17–20.

To demonstrate Heath's bias, Defendant Sclafani will seek the testimony of Andrea Heath and/or Special Agent Novak, who interviewed Heath on April 25, 2011. Specifically, Defendant Sclafani will question Heath regarding some of the allegations she made during her April 25, 2011 interview. In addition, Defendant Sclafani may seek the testimony of Jeff Love, Esq. In 2010, Love conducted an impartial administrative investigation of Defendant Sclafani on behalf of the Desert Hot Springs Police Department (hereafter "Department"). The investigation arose as a result of a complaint that Heath had filed with the Department regarding matters that Heath raised in her April 25, 2011 meeting with the government. At the conclusion of the administrative investigation, Love found that Heath's allegations against Defendant Sclafani were "unfounded," meaning that "that the investigation clearly established that the allegation is not true." CAL. PEN. CODE § 832.5(d)(2).

Defendant Sclafani may also introduce documentary evidence, but as of yet he is not in possession of the documents because of an ongoing discovery dispute with the City of Desert Hot Springs that will be subject of a Motion to Compel pursuant to Federal Rule of Criminal Procedure 17(c).

/ / /

/ / /

## B. THE PROBATIVE VALUE OF THE RELEVANT EVIDENCE OUTWEIGHS THE POTENTIAL FOR UNFAIR PREJUDICE

This Court must grant this Motion in Limine because the probative value of relevant evidence concerning Heath's bias against Defendant Sclafani will outweigh the potential for unfair prejudice. Federal Rule of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." "A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues." *United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (internal quotations omitted).

The evidence of Heath's bias will not cause unfair prejudice because it will not cause the jury to decide this case on "an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The issue of bias, including the evidence of bias—namely Heath's allegations that Defendant Sclafani unfairly singled her out—does not inherently lend itself to inflaming passions. For example, in *United States v. Henderson*, 409 F.3d 1293 (11th Cir. 2005), the Court of Appeal affirmed the decision of the district court to exclude some evidence of bias because the defendant sought to introduce evidence of the witness' history of domestic violence. The court there held that evidence of the witnesses' history of domestic violence "posed a disproportionate risk of unfairly inflaming the jury's emotions and sidetracking the trial regarding the irrelevant question of whether or not [the witness] engaged in spousal abuse." *Id.* at 1298. In upholding the district court's decision, the *Henderson* court relied upon *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir. 1999), which held that impeachment evidence of violent spousal abuse is "particularly likely to incite a

-3-

jury to an irrational decision" and excluded the impeachment evidence under Federal Rule of Evidence 403. In the instant matter, none of the testimony and/or documentary evidence concerning the matters Defendant Sclafani raised in his initial Memorandum of Points and Authorities or here is of such a controversial or sensitive nature as to encourage the jury to base its verdict upon inflamed emotions. Rather, the impeachment evidence has significant probative value because it goes to the issue of Heath's credibility. As a result, this Court should grant Defendant Sclafani's Motion in Limine to introduce evidence of Heath's bias.

### III.   CONCLUSION

Based on the foregoing, Defendant Sclafani respectfully request that this Court grant the instant Motion in Limine and permit him to introduce evidence of Heath's bias for purposes of impeachment.

Dated: August 8, 2011          Respectfully submitted,

                               SILVER, HADDEN, SILVER
                               WEXLER & LEVINE

                               By: _____/s/_____
                                   MICHAEL SCHWARTZ
                                   Attorneys for Defendant Anthony Sclafani

00608-pld.wpd

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1428 Second Street, P.O. Box 2161, Santa Monica, California 90407-2161.

On August 8, 2011, I served the foregoing document described **DEFENDANT ANTHONY SCLAFANI'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO INTRODUCE EVIDENCE OF BIAS OF WITNESS ANDREA HEATH**, on the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Cheryl L O'Connor, Esq.
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 North Spring Street 13th Floor
Los Angeles, CA 90012-4700
213-894-2434
Fax: 213-894-6296
Email: Cheryl.OConnor@usdoj.gov

Steven M Arkow. Esq.
AUSA - Office of US Attorney
Criminal Div - US Courthouse
312 N Spring St
Los Angeles, CA 90012-4700
213-894-2434
Email: USACAC.Criminal@usdoj.gov

[X]  **[By e-mail in PDF Format]**  I sent the above-referenced document to the parties by PDF to the e-mail addresses noted above.

Executed on August 8, 2011, at Santa Monica, California.

X  FEDERAL   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

CHERYL L. MITCHELL            /s Cheryl L. Mitchell