ORIGINAL

Lodged proposed order

1   Ruben Duran (SBN: 197780)
    rduran@meyersnave.com
2   Lala Kahramanian (SBN: 256066)
    lkahramanian@meyersnave.com
3   MEYERS, NAVE, RIBACK, SILVER & WILSON
    333 South Grand Avenue, Suite 1670
4   Los Angeles, California 90071
    Telephone: (213) 626-2906
5   Facsimile: (213) 626-0215

6   Attorneys for Custodian of Records for the
    City of Desert Hot Springs Police
7   Department

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  UNITED STATES OF AMERICA,          CASE NO. 2:10-CR-00163-TJH

        Plaintiff,                     NOTICE OF MOTION AND MOTION
13                                     TO QUASH SUBPOENA;
        v.                             MEMORANDUM OF POINTS AND
14                                     AUTHORITIES; DECLARATION OF
    ANTHONY ALONZO SCLAFANI,           LALA KAHRAMANIAN IN
15                                     SUPPORT OF THEREOF
        Defendant.
16                                     Date:        August 22, 2011
                                       Time:        10:00 a.m.
17                                     Courtroom:   17

18                                     Date of Compliance: August 22, 2011
                                       Time of Compliance: 10:00 a.m.
19                                     Courtroom: 17

20

21

22

23

24

25

26

27

28

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

1     PLEASE TAKE NOTICE that on August 22, 2011 at 10:00 a.m. at 312 North

2 Spring Street, Los Angeles, California, Courtroom 17, Respondent Custodian of

3 Records for the City of Desert Hot Springs Police Department ("Custodian" or

4 "Respondent") will move to quash Defendant Anthony Alonzo Sclafani's

5 ("Defendant") subpoena.

6     Respondent objects to Defendant's subpoena served on or about June 14,

7 2011, seeking, among other categories of documents and things, the complete

8 personnel files and background records of Desert Hot Springs police officers who

9 are not parties in the underlying criminal case. Respondent seeks that the subpoena

10 be quashed on the grounds that disclosure of the records would violate the statutory

11 confidentiality and privilege of the officers and individuals not parties to the

12 underlying proceedings.

13     This motion is based on this notice and motion, the memorandum of points

14 and authorities filed herewith, all matters that may or must be judicially noticed, the

15 pleadings and papers herein, and all matters that may or must be raised at hearing on

16 this motion.

17

18 DATED: August 11, 2011     MEYERS, NAVE, RIBACK, SILVER &
                                WILSON

19

20

21

22                    By: _____
                       Lala Kahramanian

23                     Attorneys for Custodian of Records for the
                     City of Desert Hot Springs Police

24                     Department

25

26

27

28

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

I.    INTRODUCTION

2        Defendant seeks twelve (12) categories of documents, photographs, video

3   footage, and tape recordings, the majority of which implicate the privacy rights of

4   Desert Hot Springs ("DHS") police officers.  Due to the overbroad nature of the

5   requests, it is impossible for the Custodian to comply with the request without

6   violating the recognized privacy rights of DHS police officers.  With regard to the

7   instant subpoena, the Custodian objects to eight of the twelve requests on the

8   grounds that these requests are impermissibly vague and overbroad, and the requests

9   impermissibly invade the federal and state statutory and common law privileges of

10  DHS peace officers.  The Custodian further objects to two of the Defendant's

11  requests on the grounds that Defendant has failed to demonstrate the relevancy of

12  these requested documents.

13       Federal law recognizes an individual's right to privacy, and even in instances

14  of public employment-such as peace officers-a qualified right to privacy operates to

15  protect individuals from wanton and indiscriminate disclosure.  Moreover, in

16  California, the records of peace officers are confidential, and only certain designated

17  individuals and entities are entitled to view them. California Evidence Code §1043

18  *et seq*.; California Penal Code §§ 832.5, 832.7, and 832.8.  Colloquially referred to

19  as *Pitchess* motions, the statutory scheme laid out in California Evidence Code

20  section 1043, *et seq*. represents the exclusive means for accessing a peace officer's

21  personnel files in any California civil or criminal proceeding.

22       Based upon both federal and state law, and absent a Court Order and

23  Protective Order, Respondent requests that the Court either require Defendant to

24  establish the materiality, necessity, and relevance of demanding documents which

25  contain confidential and privileged materials.  Alternatively, Respondent requests

26  sufficient time that would allow the Respondent to conduct its review of these

27  voluminous records for presentation to the Court for an *in camera* review as to

28  whether they need to be produced at all.  Lastly, should these records be produced,

1

1 | then Respondent respectfully requests that the accompanying Protective Order be

2 | issued along with the documents.

3 | II.   *INFORMATION SOUGHT*

4 |      Defendant seeks the following information from the Custodian of Records:

5 |      1.     Request a copy of the Internal Affairs Investigation interview

6 |             tapes that were conducted on the Internal Affairs investigations on

7 |             the Jamal White case, that occurred on February 24, 2005, and the

8 |             Angelica Vargas case, on February 25, 2005.  The IA

9 |             investigations were conducted by Internal Affairs Connections,

10 |            Inc., and the investigator was Daniel R. Tregarthen.  The IA

11 |            investigations were conducted between February 25, 2005 and

12 |            June 2005.  The interview tapes were released to the Desert Hot

13 |            Springs Police Department to the Assistant Chief, Mike Hole and

14 |            those tapes would be kept in the IA files in the Chief's Office.

15 |      2.     Copies of RIMS individual records listing the specific detail

16 |             information for each call on the dates of February 25, and

17 |             February 26, 2005.  These records previously requested but only

18 |             the detail RIMS information reports were provided for February

19 |             24, 2005, were provided by the department.  See attached RIMS

20 |             incident Summary report for details.

21 |      3.     Request a copy of the 2007 DHSPD Management Study

22 |             regarding staffing evaluations and recommendations.  This study

23 |             was conducted by Lewis Partners and was conducted by a Chief of

24 |             Police from a Northern California Department possibly named

25 |             Mike McCraney or similar sounding name.  (Unknown correct

26 |             spelling.)

27 | ///

28 | ///

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

4.   Request a copy of Sgt. Anthony Sclafani's shooting incident report(s) for a shooting that occurred in 2007 with the suspect, James French.

5.   Requesting digital copies of the booking photographs of the arrest of Jamal White on February 24, 2005, and the booking photographs on the arrest of Angelica Vargas on February 25, 2005.  SEE ATTACHMENTS: Page #2 additional documents being subpoenaed.

6.   Request copies of any and all documents of the injuries sustained to Jamal WHITE on February 24, 2005, and Angelica Vargas on February 25, 2005, due to being pepper sprayed or tased on those date.

7.   Request copy of photograph of former officer Dennis Decker from his ID card or other photo in his Personnel file.

8.   Request a complete copy of Andrea Heath's personnel file up and through June 2011.  Those records should include any and all IA investigations or other investigations or counseling sessions conducted or being conducted on or against Andrea Heath.

9.   Request a complete copy of any and all complaints Andrea Heath has made against the department including complaints against the Chief, Command Staff, Sgt. Anthony Sclafani and any other officer or officers on the department.  To include any and all IA investigative reports regarding those complaints.

10.  Request a complete copy of all training records including any Performance Improvement Plans, and copies of the FTO training officers daily observation reports and any all records regarding Andrea Heath's fitness for duty up to and including any medical

1    or psychological evaluations stating she is fit to return to duty at
2    this time.

3  11.  Request a copy of a current video recording for any one minute in
4       duration of the camera on the monitors from cameras #8 and 9 that
5       are in the holding cells in the DHSPD jail.  The position of those
6       cameras are in the same location as they were back in 2005.

7  12.  Request a copy of any and all medical records or investigations
8       including and all investigations being conducted regarding Andrea
9       Heath and Sgt. Gabby Mendoza by the Desert Hot Springs Police
10      Department or any other agency.

11      The Desert Hot Springs Custodian objects and hereby moves to quash
12  the subpoena; or alternatively, asks that the Court review the documents *in*
13  *camera* in order to limit the scope of the Subpoena, and respectfully requests
14  that the Court issue the accompanying Protective Order.

15  III.   *ARGUMENT*

16      A.    *Authority for Motion to Quash/Protective Order*

17         Courts are empowered to make any order necessary to protect a party,
18  witness, consumer, or employee from oppressive demands, including
19  unreasonable violations of the right of privacy of a witness, consumer, or
20  employee. Fed. R. Civ. P. Rule 26(c).  Furthermore, Courts are empowered to
21  issue protective orders to limit discovery, and "may make any order which
22  justice requires to protect a party or person from annoyance, embarrassment,
23  oppression, or undue burden or expense, including one of the following...(D)
24  forbidding inquiry into certain matters, or limiting the scope of disclosure or
25  discovery to certain matters...." Fed. R. Civ. P. Rule 26(c); *see also Young v.*
26  *Hernandez*, 2007 U.S. Dist. LEXIS 21157 at *9 (S.D. Cal. 2007) (the scope
27  of plaintiff's subpoenas...must be limited...Production of the entire files

28

4

1 would result in improper disclosure of official documents and impose
2 unnecessary burden on the custodian).

3      Moreover, courts have authority to apply civil discovery rules in the
4 criminal context. *United States of America v. Marcus Schloss & Co., Inc.,*
5 1989 U.S. Dist. LEXIS 6271 at \*4 (S.D. N.Y. 1989); *see also United States v.*
6 *Paxton*, 861 F.2d 730, 735-36 (D.C. Cir. 1988) (applying FRCP Rule 26
7 principles in quashing subpoena duces tecum served by defendant in a
8 criminal proceeding).

9     *B.    The Subpoena is Overbroad, Unreasonable, and Oppressive*
10      On or around June 14, 2010, the Custodian of Records for the City of
11 Desert Hot Springs received a subpoena from defense counsel Michael D.
12 Schwartz requesting production of twelve (12) different categories of
13 documents, photographs, video footage, and tape recordings. The requests
14 pertain to internal affairs investigations, the entire contents of the personnel
15 files of at least two Desert Hot Springs police officers, as well as a variety of
16 other requests which include photographs, a Management Study, and video
17 recordings. Due to the overbroad nature of the requests, it is impossible for
18 the Custodian to comply with the request without violating the recognized
19 privacy rights of DHS police officers.

20     *C.    The Subpoena Seeks Sensitive and Confidential Information*
21      In this case, Defendant seeks documents that both federal common law
22 and the California Legislature have deemed should be confidential, and
23 disseminated only to a certain select group, and only as necessary. California
24 Penal Code § 832.7(a) provides, in part:

25     A peace officer or custodial officer personnel records and records
26     maintained by any state or local agency pursuant to Section 832.5 or
27     information obtained from these records, are confidential and shall not
28     be disclosed in any criminal or civil proceeding except by discovery

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

1  pursuant to Sections 1043 and 1046 of the Evidence Code.

2  California Evidence Code § 1043 states, in pertinent part:

3  (1)...the party seeking [peace or custodial officer personnel records]

4  shall file a written motion with the appropriate court...upon written

5  notice to the governmental agency...(b) the motion shall include the

6  following: (1)...(2) A description of type of records or information

7  sought...(3) Affidavits showing good cause for the discovery or

8  disclosure sought, setting forth the materiality thereof to the subject

9  matter involved in the pending litigation...

10  Federal common law also recognizes a qualified right to privacy. *Stafford v.*

11  *Social Security Administration et al.*, 2006 LEXIS 20124 at *7 (N.D. Cal. 2006).

12  Parties may obtain discovery regarding "...any matter, not privileged, that is

13  relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(c)(1).

14  Federal common law also recognizes a qualified privilege for official information.

15  *Young v. Hernandez*, 2007 U.S. Dist. LEXIS 21157 at *3-4; citing *Kerr v. United*

16  *States Dist. Ct. for ND Cal.*, 511 F.2d 192 (9th Cir. 1975).  Government personnel

17  files are considered official information.  *Young* at *4 (citations omitted).  In

18  applying this right to privacy, the *Stafford* Court used a balancing test which

19  weighed the need for the information sought against the privacy right asserted. *Id.*

20  The Court looked at four factors as it weighed the competing interests: (1) the

21  relevance of the requested materials to the litigation, (2) whether the requested

22  information was available from alternative, less intrusive sources; (3) whether a

23  protective order could be fashioned to address any concerns over disclosure and (4)

24  what was the resultant harm, if the information was ordered disclosed. *Id.*

25  In this case, Respondent has demonstrated legitimate concerns

26  regarding the sensitive and confidential nature of the documents sought by the

27  Defendant.  Moreover, Respondent has presented sufficient authority to

28  support an order to quash the Defendant's Subpoena; or at the very least, for

1  the Court to conduct an *in camera* review in order to limit the scope of the

2  Defendant's requests.

3         D.     *Defendant has Failed to Demonstrate that the Materials Sought Are*

4             *Relevant*

5       Rule 17(c) is not a method of discovery in criminal cases and "courts

6  must be careful that Rule 17(c) is not turned into a broad discovery device

7  undercutting the strict limitation of discovery in criminal cases found in Fed.

8  R. Crim. P. 16." *United States v. Cherry*, 876 F.Supp.547, 552 (S.D.NY

9  1995); citing *United States. v. Cuthbertson*, 630 F.2d 139, 146 (3rd Cir.

10  1980). To ensure that Rule 17(c) subpoenas are not so abused, a party

11  seeking production of documents must demonstrate that the materials sought

12  are (1) relevant; (2) admissible; and (3) specifically identified. *U.S. v.*

13  *Cherry*, supra, at 552 (citations omitted).

14       In *United States v. Fields*, the Ninth Circuit reversed the district court's

15  denial of a nonparty witness's motion to quash a Rule 17 subpoena on the

16  grounds that defendants had failed to demonstrate compliance with the factors

17  required for the issuance of a subpoena, including the requirement that the

18  materials sought be evidentiary and relevant. *United States v. Fields,* 663

19  F.2d 880 (9th Cir. 1981). The Court further held that evidentiary use of

20  statements and transcribed interviews of witnesses for impeachment purposes

21  was insufficient to justify the pretrial production of documents. *Id.*

22       In the instant matter, Defendant has not proffered evidence establishing

23  the relevance of the confidential information. Given Respondent's concerns

24  regarding the sensitive and confidential nature of the documents sought by the

25  Subpoena, Respondent is seeking an order quashing the extreme overbreadth

26  of the Subpoena. In the alternative, Respondent requests that the Court

27  conduct an *in camera* review in order to limit the scope of the Subpoena.

28  ///

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

1     *E.*  *Meet and Confer Process Between the Parties*

2     Respondent's counsel has engaged in written correspondence,

3  telephone calls and e-mail communications with defense counsel with the

4  intent to limit the scope of the Subpoena. *See* Declaration of Lala

5  Kahramanian.  The parties were unable to reach an agreement regarding their

6  respective positions, and Respondent has no choice but to file this instant

7  Motion.

8  IV. *CONCLUSION*

9     For the reasons stated above, this Court should issue an order quashing

10  the Subpoena.  In the alternative, Respondent asks that the Court review the

11  documents *in camera* in order to limit the scope of the Subpoena, and

12  respectfully requests that the Court issue the accompanying Protective Order

13  if any records are ordered to be disclosed.

14

15  DATED: August 11, 2011   MEYERS, NAVE, RIBACK, SILVER &
16             WILSON

17

18           By: _____
19           Lala Kahramanian
20           Attorneys for Custodian of Records for the
21           City of Desert Hot Springs Police

1687677.1

22           Department

23

24

25

26

27

28

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

## DECLARATION OF LALA KAHRAMANIAN

I, Lala Kahramanian, declare:

1.    I am an attorney duly licensed to practice before this Court and am an associate at Meyers, Nave, Riback, Silver, & Wilson, attorneys for the Custodian of Records for the Desert Hot Springs Police Department ("Respondent").  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.    I make this declaration in support of Respondent's Motion to Quash.

3.    On or about June 14, 2011, Defendant Anthony Alonzo Sclafani served Respondent with a subpoena.

4.    The subpoena sought, among other categories of documents and things, the complete personnel files and background records of Desert Hot Springs police officers who are not parties in the underlying criminal case.

5.    On June 24, 2011, I sent a letter to counsel for defendant, Mr. Schwartz, objecting to a majority of the requests in the subpoena on the grounds that the requests violated the privacy rights of Desert Hot Springs ("DHS") police officers.  In this letter, I suggested that we resolve the parties' positions informally via a telephone conference with the Magistrate Judge.

6.    During the course of the few weeks following the June 24th letter, I engaged in several phone conversations with Mr. Simidjian, a colleague of Mr. Schwartz, who was also representing Mr. Sclafani in the underlying criminal proceeding.  These discussions were intended to limit the scope of the subpoena, and to prevent resorting to judicial intervention.

7.    On August 1, 2011, I sent a letter to Mr. Simidjian proposing that we meet and confer regarding our clients' respective positions.

8.    On August 3, 2011, Mr. Simidjian and I met and conferred via telephone.  However, we were unable to reach an agreement regarding the scope of the subpoena.

9

9.    During the few days preceding and following the August 3rd telephone conversation, Mr. Simidjian represented to me that his office attempted to find out which Magistrate Judge was assigned to handle discovery matters in this case so that the parties could have the matter heard in front of the Magistrate. However, Mr. Simidjian notified me that despite numerous attempts to contact the court, his office was unable to obtain the name of the Magistrate Judge.

10.    On August 5, 2011, Mr. Simidjian and I continued to correspond via e-mail regarding our client's respective positions. However, as of the date of the signing of this declaration, the parties have been unable to reach an agreement regarding the scope of the subpoena and the Respondent's concerns regarding the violation of the DHS police officers' privacy rights.

11.    Attached as Exhibit "A" is the Defendant's Subpoena.

12.    Attached as Exhibit "B" is the June 24th letter addressed to defense counsel.

13.    Attached as Exhibit "C" is the August 1st letter to defense counsel.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 11, 2011, at Los Angeles, California.

Lala Kahramanian

MTN TO QUASH SUBPOENA; MEMO OF P'S & A'S; KAHRAMANIAN DECL.

Attorney's Name, Address & Phone:
Michael D. SCHWARTZ, ESQ. (CSB# 166556
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200, P.O. Box 2161
Santa Monica, California, 90407-2161
310-393-1486

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | PLAINTIFF | 2:10-cr-00163-UA |
| v | | |
| ANTHONY ALONZO SCLAFANI | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO: Commander Dan Bressler, COR, Desert Hot Springs PD, 65-950 Pierson Blvd., Desert Hot Springs, California.

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Roybal Federal Building, 255 E. Temple Street, Los Angeles, California, 90012 , Courtroom: 17

Date: August 8, 2011 . Time: 9:00 AM .

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

I Request copy of the internal Affairs Investigation interview tapes that were conducted on the Internal Affairs investigations on the Jamal WHITE case, that occurred on February 24, 2005, and the Angelica VARGAS case, on February 25, 2005. The IA investigations were conducted by Internal Affairs Connections, Inc., and the investigator was Daniel R. Tregarthen.  The IA investigations were conducted between February, 2005, and June, 2005. The interview tapes were released to the Desert Hot Springs Police Department to the Assistant Chief, Mike Hole and those tapes would be kept in the IA files in the Chief's Office.

Terry Nafisi, Clerk of Court

June 14, 2011
Date

| CR-21 (09/08) | SUBPOENA IN A CRIMINAL CASE | Page 1 of 2 |

Attorney's Name, Address & Phone:
Michael D. SCHWARTZ, ESQ. (CSB# 166556
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200, P.O. Box 2161
Santa Monica, California, 90407-2161
310-393-1486

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | | CASE NUMBER |
|---|---|---|
| | v. PLAINTIFF | 2:10-cr-00163-UA |
| ANTHONY ALONZO SCLAFANI | | **SUBPOENA IN A CRIMINAL CASE** |
| | DEFENDANT(S). | |

TO: Commander Dan Bressler, COR, Desert Hot Springs PD, 65-950 Pierson Blvd., Desert Hot Springs, California

☐ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Roybal Federal Building, 255 E. Temple Street, Los Angeles, California, 90012 , Courtroom: 17

Date: August 8, 2011 , Time: 9:00 AM

☑ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

1. Copies of the RIMS individual records listing the specific detail information for each call on the dates of February 25, and February 26, 2005. These records previously requested but only the detail RIMS detail information reports were provided for February 24, 2005, were provided by the department. See attached RIMS incident Summary report for details.

2. Request a copy of the 2007 DHSPD Management Study regarding staffing evaluations and recommendations. This study was conducted by Lewis Partners and was conducted by a Chief of Police from a Northern California Police Department possibly named Mike McCraney or similar sounding name. (Unknown correct spelling)

3. Request a copy of Sgt. Anthony Sclafani's shooting incident report(s) for a shooting that occurred in 2007 with the suspect, James French.

4. Requesting digital copies of the booking photographs of the arrest of Jamal White on February 24, 2005, and the booking photographs on the arrest of Angelica Vargas on February 25, 2005.
SEE ATTACHMENTS: Page # 2 additional documents being subpoenaed.

_Terry Nafisi_
Terry Nafisi, Clerk of Court

June 14, 2011
Date

| CR-21 (09/08) | SUBPOENA IN A CRIMINAL CASE | Page 1 of 2 |
|---|---|---|

0012

**SUBPOENA ATTACHMENTS**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

United States of America
v.
Anthony Alonzo SCLAFANI
2:10-cr-00163-UA

5.  Request copies of any and all photographs of the injures sustained  to Jamal WHITE on February 24, 2005, and Angelica VARGAS on February 25, 2005, due to being pepper sprayed or tased on those date.

6.  Request copy of photograph of former officer Denris Decker from his ID card or other photo in his Personnel file.

7.  Request a complete copy of Andrea Heath's personnel file up to and through June, 2011. Those records should include any and all IA investigations or other investigations or counseling sessions conducted or being conducted on or against Andrea Heath.

8.  Request a complete copy of any and all complaints Andrea Heath has made against the department including complaints against the Chief, Command Staff, Sgt. Anthony Sclafani and any other officer or officers on the department.  To include any and all IA investigative reports regarding those complaints.

9.  Request a complete copy of all training records including any Performance Improvement Plans, and copies of the FTO training officers daily observation reports and any and all records regarding Andrea Heath's fitness for duty up to an including any medical or psychological evaluations stating she is fit to return to duty at this time.

10.  Request a copy of a current video recording for any one minute in duration of the camera views on the monitors from cameras # 8 & 9 that are in the holding cells in the DHSPD Jail.  The position of those cameras are in the same location as they were back in 2005.

11.  Request a copy of any and all records or investigations including any and all investigations being conducted regarding Andrea Heath and Sgt. Gabby Mendoza by the Desert Hot Springs Police Department or any other agency.

\SDT-DHSPD-061411

| | | | | | | Page 4 |
|---|---|---|---|---|---|---|
| | INCIDENT SUMMARY | | | | | |
| | 2/24/2005 - 2/26/2005 | | | | | 12/29/2010 |

| Date | Time | Inc# | Type | Dispo | Unit | Address |
|---|---|---|---|---|---|---|
| 2/24/2005 | 23:55 | 050224714 | TSTOP | WA | 204 | Pierson Blvd/Verbena, Desert Hot Springs |
| 2/25/2005 | 00:04 | 050225001 | PC | C4 | 11 | 66300 Cahuilla, Desert Hot Springs |
| 2/25/2005 | 00:05 | 050225002 | 488 PC | RT | 209 | 66860 Yucca Dr, #B, Desert Hot Springs |
| 2/25/2005 | 00:07 | 050225003 | PEDCK | AR | 206 | Palm DRIVE/4TH, Desert Hot Springs |
| 2/25/2005 | 00:15 | 050225004 | JARCK | LN | | 66050 Pierson Blvd, Desert Hot Springs |
| 2/25/2005 | 00:25 | 050225005 | PEDCK | AR | 204 | Cecilia Ave/4th, Desert Hot Springs |
| 2/25/2005 | 00:39 | 050225006 | 925S | LN | 204 | Cahuilla Ave/Palm, Desert Hot Springs |
| 2/25/2005 | 00:48 | 050225007 | TSTOP | WA | S1 | Granada Av/Ocotillo, Desert Hot Springs |
| 2/25/2005 | 00:49 | 050225008 | BIKE | AD | 204 | Desert View Av/Palm, Desert Hot Springs |
| 2/25/2005 | 01:10 | 050225009 | HEDCK | AD | 264 | Ironwood Dr/Mark, Desert Hot Springs |
| 2/25/2005 | 01:33 | 050225010 | 911D | C4 | 207 | 66790 San Remo, #B, Desert Hot Springs |
| 2/25/2005 | 01:42 | 050225011 | 415 PC | UL | 203K | directly Across The St, 13420 Ramona Dr, Desert Hot Springs |
| 2/25/2005 | 01:53 | 050225012 | PEDCK | AR | 216 | .ps/m/Cahuilla, Desert Hot Springs |
| 2/25/2005 | 03:05 | 050225013 | 10457TRAN | PC | 211 | Pa el/ 002 S. 4'the |
| 2/25/2005 | 03:25 | 050225014 | 10457TRAN | SC | 217 | Cedar/ 1002 Drive |
| 2/25/2005 | 03:57 | 050225015 | 1055TRAN | AS | 207 | Desert Hospital, 3150 N Indian Cnyn, Palm Spr |
| 2/25/2005 | 04:39 | 050225016 | JARCK | LN | | 66050 Pierson Blvd, Desert Hot Springs |
| 2/25/2005 | 05:03 | 050225017 | JARCK | LN | | 66050 Pierson Blvd, Desert Hot Springs |
| 2/25/2005 | 05:35 | 050225018 | TRACE | AR | 213 | Am rock of Furnace Wy |
| 2/25/2005 | 05:56 | 050225019 | JARCK | LN | | 66050 Pierson Blvd, Desert Hot Springs |
| 2/25/2005 | 07:12 | 050225020 | 459VEH | LN | | 13430 Highland Av, Desert Hot Springs |
| 2/25/2005 | 07:35 | 050225021 | FIRE | AG | 212 | Vens, 14000 Palm Drive, Desert Hot Springs |
| 2/25/2005 | 08:05 | 050225022 | 459V | C4 | 217 | 67110 Foothill rap, Desert Hot Springs |
| 2/25/2005 | 08:53 | 050225023 | PC | LN | 4 | 661 00 Cahuilla Ave, Desert Hot Springs |
| 2/25/2005 | 08:54 | 050225024 | EDST | AD | 21 | 13430 6th Ave, Busch Palms, Desert Hot Springs |
| 2/25/2005 | 09:16 | 050225025 | PC | C4 | S4 | 66300 Cahuilla Ave, Desert Hot Springs |
| 2/25/2005 | 09:18 | 050225026 | PEDCK | AG | 204 | Ocotillo/arm, Desert Hot Springs |
| 2/25/2005 | 10:00 | 050225027 | 911S | C4 | 2 | West Of 1st Church, 12901 West Dr, Desert Hot Spring |
| 2/25/2005 | 10:00 | 050225028 | LOSTPROP | AD | 201 | Corner 16030 Pierson Blvd, #B, Desert Hot Spring |
| 2/25/2005 | 10:34 | 050225029 | 911V | RT | 212 | 65450 Pierson Blvd, Desert Hot Springs |
| 2/25/2005 | 10:38 | 050225030 | 459 V | C1 | 214 | 66230 Granada Av, Desert Hot Springs |
| 2/25/2005 | 10:57 | 050225031 | 211 | AS | 5 | Lvg's, 13430 6th Ave, Two Busch Palms, Desert Hot Springs |
| 2/25/2005 | 10:57 | 050225032 | 1055TRP | LN | | 13490 Don English Wy, Desert Hot Springs |
| 2/25/2005 | 11:03 | 050225033 | PC | RT | 204 | 2060 Palm Drive, Desert Hot Springs |
| 2/25/2005 | 11:15 | 050225034 | PC | RT | 214 | 66000 Cahuilla, Desert Hot Springs |
| 2/25/2005 | 11:57 | 050225035 | TSTOP | AG | 204 | Pierson Blvd/Golden Eagle, Desert Hot Springs |
| 2/25/2005 | 13:00 | 050225036 | 459V | AD | 214 | 66500 Via Del Valle, Desert Hot Springs |
| 2/25/2005 | 13:07 | 050225037 | PC | AD | 204 | 66755 Two Busch Palms, Desert Hot Springs |
| 2/25/2005 | 13:07 | 050225038 | 211 AR | AD | 212 | 66025 First Street, Desert Hot Springs |

|  |  |  | Page 5 |
| --- | --- | --- | --- |
| | INCIDENT SUMMARY | | |
| | 2/24/2005 - 2/16/2005 | | 12/29/2010 |

| Date | Time | Inc # | Type | Dispo | Unit | Address |
| --- | --- | --- | --- | --- | --- | --- |
| 2/25/2005 | 13:59 | 050225039 | PC | AD | S4 | 66500 Cahuilla, Desert Hot Springs |
| 2/25/2005 | 14:04 | 050225040 | TSTOP | AD | 204 | Granada/ E Of Palm, Desert Hot Springs |
| 2/25/2005 | 14:06 | 050225041 | TSTOP | AD | S4 | 13193 Mesquite Av, Desert Hot Springs |
| 2/25/2005 | 14:13 | 050225042 | TSTOP | AD | 304 | Sartin D/Cottonwood, Desert Hot Springs |
| 2/25/2005 | 14:16 | 050225043 | 459A | AD | 113 | Victrianna 13253 El Cajon Dr |
| 2/25/2005 | 14:59 | 050225044 | 902T | RT | | Santa Cruz Rd/Mission Lakes, Desert Hot Springs |
| 2/25/2005 | 15:00 | 050225045 | 504 PC | AD | 104 | 16000 Indian Drive, Desert Hot Springs |
| 2/25/2005 | 15:39 | 050225046 | C5 | AD | S4 | 16424 Santa Cruz Rd, Desert Hot Springs |
| 2/25/2005 | 15:53 | 050225047 | 10851 RP | RT | 204 | Compass 12960 Miracle Hill Rd, #3, Desert Hot Springs |
| 2/25/2005 | 16:56 | 050225048 | 11550 HS | AD | 113 | 68500 Vista Place, #B, Desert Hot Springs |
| 2/25/2005 | 17:12 | 050225049 | LOSTPROP | AD | 204 | 24711 Pierson #400, Desert Hot Springs |
| 2/25/2005 | 17:55 | 050225050 | TSTOP | AD | | G of D Street (Unknown Address) |
| 2/25/2005 | 17:56 | 050225051 | 415 PC | AD | | 13200 El Rio Dr, Desert Hot Springs |
| 2/25/2005 | 18:02 | 050225053 | 415 PC | AD | 204 | 66180 Calle Blanco, Desert Hot Springs |
| 2/25/2005 | 18:11 | 050225054 | IMPOUND | IN | | Pierson, Desert Hot Springs |
| 2/25/2005 | 18:07 | 050225055 | IMPOUND | IN | | 13200 Cuando Wy, Desert Hot Springs |
| 2/25/2005 | 18:16 | 050225056 | IMPOUND | IN | | 13048 Inter Dr, Desert Hot Springs |
| 2/25/2005 | 18:18 | 050225057 | 5150 | RT | 209 | Village Counseling 13560 Palm Dr, Desert Hot Springs |
| 2/25/2005 | 18:29 | 050225058 | 415FIGT | RT | 207 | Chinese Center 12960 Palm Drive, Desert Hot Springs |
| 2/25/2005 | 18:30 | 050225059 | C4 A | RA | 112 | Pierson, Desert Hot Springs |
| 2/25/2005 | 18:46 | 050225060 | FU | TC | 301K | 12910 West Dr #B, Desert Hot Springs |
| 2/25/2005 | 19:57 | 050225061 | CU | MR | 101K | 500 Cottonwood Rd, Desert Hot Springs |
| 2/25/2005 | 19:50 | 050225062 | 23152 VC | RL | 100 | 13 D Street & Ap Pierson |
| 2/25/2005 | 19:58 | 050225063 | PEDCK | AR | S1 | Arenas/Palm, Desert Hot Springs |
| 2/25/2005 | 20:12 | 050225064 | 242 PC | UL | 209 | 68130 Bleen Av, Desert Hot Springs |
| 2/25/2005 | 20:28 | 050225065 | PEDCK | C4 | 210 | 77th St/Palm, Desert Hot Springs |
| 2/25/2005 | 20:30 | 050225066 | PEDCK | RA | 113 | Palm Dr/E Of Encinada, Desert Hot Springs |
| 2/25/2005 | 20:38 | 050225067 | TSTOP | AR | 204 | Palm Dr/W of Hacienda, Desert Hot Springs |
| 2/25/2005 | 20:33 | 050225068 | TSTOP | RA | | Palm Dr/Hacienda, Desert Hot Springs |
| 2/25/2005 | 20:37 | 050225069 | PEDCK | C4 | 210 | Frances E Of Palm, Desert Hot Springs |
| 2/25/2005 | 20:59 | 050225070 | TSTOP | AD | S4 | 12970 Indian, Desert Hot Springs |
| 2/25/2005 | 21:00 | 050225071 | C5 | AD | S4 | San Lucas/Issac #B, Desert Hot Springs |
| 2/25/2005 | 21:12 | 050225072 | PEDCK | C4 | 210 | Desert Ave/Encinada, Desert Hot Springs |
| 2/25/2005 | 21:20 | 050225073 | TSTOP | RT | 111 | Verbena Dr/Vista, Desert Hot Springs |
| 2/25/2005 | 21:29 | 050225074 | PEDCK | C4 | 210 | Frances Dr/Encinada, Desert Hot Springs |
| 2/25/2005 | 21:34 | 050225075 | PEDCK | C4 | 210 | San Lucas/East Of Palm, Desert Hot Springs |
| 2/25/2005 | 21:57 | 050225076 | TSTOP | WA | 112 | Pierson Verge, Ave West, Desert Hot Springs |

| | | | | | | Page 6 |
|---|---|---|---|---|---|---|
| | | INCIDENT SUMMARY | | | | |
| | | 2/24/2005 – 2/26/2005 | | | | 12/29/2010 |

| Date | Time | | Type | Dispo | Unit | Address |
|---|---|---|---|---|---|---|
| 2/25/2005 | 21:48 | | PEDCK | C4 | 212 | 4TH Street/Palm, Desert Hot Springs |
| 2/25/2005 | 21:55 | | | AR | 530K | 66153 5th St. #12, Desert Hot Springs |
| 2/25/2005 | 22:01 | | 4TFAM | CA | | 66153 3rd, 1/2, Desert Hot Springs |
| 2/25/2005 | 22:31 | | PEDCK | AT | 517 | Mission Springs Park, 66150 Park Lane, Desert Hot Springs |
| 2/25/2005 | | | | | | |
| 2/25/2005 | 23:00 | | TSTOP | AD | | 3RD St/Palm, Desert Hot Springs |
| 2/25/2005 | 23:10 | | TRNK | CX | 511 | Bella Vista Apartments, 65970 Ironwood Dr, Desert Hot Springs |
| 2/25/2005 | 23:30 | | TSTOP | WA | 511 | Lella Vista Apartments, 66950 Ironwood Dr, Desert Hot Springs |
| 2/25/2005 | 23:35 | | PEDCK | AR | 517 | L.A Dr/Palm, Desert Hot Springs |
| 2/25/2005 | 23:37 | | CAT | C4 | 208 | Avenue Del Sol, 670 W Mockery, Desert Hot Spring |
| 2/25/2005 | 23:46 | | 1015TRAN | DC | 254 | Indio Rd, PD (Unknown Address), |
| 2/25/2005 | 23:51 | | TSTOP | AR | | Arroyo/Cactus, Desert Hot Springs |
| 2/26/2005 | 00:13 | | PEDCK | WA | 517 | El Paseo Bar & Motel, 6631 5TH Street, Desert Hot Springs |
| 2/26/2005 | 00:15 | | TEDCK | WA | 517 | Del Hot Springs, Desert Hot Springs |
| 2/26/2005 | 00:35 | | 23152 VC | CA | | 66948 Ironwood Dr, #F, Desert Hot Springs |
| 2/26/2005 | 00:42 | | PEDCK | C4 | 209 | 14041 Palm Drive, Desert Hot Springs |
| 2/26/2005 | 00:45 | | TSTOP | WA | 517 | Bahama/TUPD, Desert Hot Springs |
| 2/26/2005 | 00:50 | | TSTOP | WA | 517 | Precinct 2 Oasis Road, Desert Hot Springs |
| 2/26/2005 | 00:57 | | PPI | LN | | 65980 Ironwood Dr, Desert Hot Springs |
| 2/26/2005 | 01:15 | | LARCN | | | |
| 2/26/2005 | 01:15 | | CETP VC | IP | 517 | 13640 Miracle, #B, Desert Hot Springs |
| 2/26/2005 | 01:25 | | CETP VC | C4 | | 66249 Desert View Av #A, Desert Hot Springs |
| 2/26/2005 | 01:34 | | PC | CA | | Flagadelphia, Desert Hot Springs |
| 2/26/2005 | 01:35 | | PC | C4 | | 6520 Cross/Cactus, Desert Hot Springs |
| 2/26/2005 | 01:40 | | VC | AD | 251 | Desert Miracle Palms, Desert Hot Springs |
| 2/26/2005 | 02:12 | | TSTOP | WA | 251 | Chestnut Rd, 65th Avenue, Desert Springs |
| 2/26/2005 | 02:15 | | 1015TRAN | BT | 517 | Desert Hospital, 1150 N Indian Drive, Palm Spr |
| 2/26/2005 | 02:02 | | PEDCK | AR | | 14240 Quality Rd, Desert Hot Springs |
| 2/26/2005 | 03 | | LMS | LN | | 14135 Quality Rd, Desert Hot Springs |
| 2/26/2005 | 03:00 | | LS | | | San Alegria/Oasis, Desert Hot Springs |
| 2/26/2005 | 03:56 | | 24TRAN | AM | | 66050 Pierson Blvd, Desert Hot Springs |
| 2/26/2005 | 04:00 | | 23152 VC | AR | 501 | 13640 Crystal Dr, Desert Hot Springs |
| 2/26/2005 | 04:12 | | PPI | LN | | 66210 Ironwood Dr, Desert Hot Springs |
| 2/26/2005 | 05:03 | | 925TRAN | DC | 517 | Esmall, 1104 Civic |
| 2/26/2005 | 05:39 | | DETAIL | DC | 501 | Jail, Indio |
| 2/26/2005 | 06:00 | | OTHER | RU | 254 | Indio |
| 2/26/2005 | 06:00 | | Rec | C4C | 510 | |

INCIDENT SUMMARY

Page 7

2/26/2005 - 2/26/2005

12/29/2010

| Date | Time | | | Type | Dispo | | Address |
|------|------|--|--|------|-------|--|---------|
| 2/26/2005 | 07:39 | | | 911N | OK | 210 | ... Desert Hot Springs |
| 2/26/2005 | 08:03 | | | 602 | AD | 210 | ... Officer of Indian |
| 2/26/2005 | 08:56 | | | FC | FX | 54 | ... Desert Hot Springs |
| 2/26/2005 | 09:31 | | | Sec... | UN | | ... Dr Desert Hot Springs |
| 2/26/2005 | | | | | | | |
| 2/26/2005 | 09:15 | | | 273 DC | | | ... Hot Springs |
| 2/26/2005 | 09:33 | | | 211 Assault | | | ... Desert Hot Springs |
| 2/26/2005 | 10:12 | | | ... | | 210 | ... Desert Hot Springs |
| 2/26/2005 | 11:13 | | | ... CK | | | ... Drive, Desert Hot Springs |
| 2/26/2005 | 12:20 | | | | AD | 54 | ... Desert Hot Springs |
| 2/26/2005 | 12:49 | | | 911CK | FX | 54 | ... Zone, Desert Hot Springs |
| 2/26/2005 | | | | OP | AD | 54 | ... Desert Hot Springs |
| 2/26/2005 | 13:00 | | | 602 | UN | 100 | ... Desert Hot Springs |
| 2/26/2005 | | | | 602 | RT | 214 | ... Palm Drive, ... |
| 2/26/2005 | | | | 602 | | 210 | ... Palm Desert Hot Springs |
| 2/26/2005 | | | | 911 | | | ... |
| 2/26/2005 | | | | 911 602 | | | ... |
| 2/26/2005 | | | | 602 | J | 54 | ... Desert Hot Springs |
| 2/26/2005 | 16:22 | | | 911 602CK | AD | 204 | ... Palm, Desert Hot Springs |
| 2/26/2005 | 16:25 | | | 911 602CK | AD | 204 | ... Plaza, Desert Hot Springs |
| 2/26/2005 | 16:52 | | | 211D | NR | 214 | ... Blvd, Desert Hot Springs |
| 2/26/2005 | | | | 602 | AG | 204 | ... Palm Drive, ... Desert Hot Springs |
| 2/26/2005 | | | | | | | ... |
| 2/26/2005 | 18:02 | | | 911CM | AR | 210 | Plaza Ave, ... Desert Hot Springs |
| 2/26/2005 | | | | FC | | | ... Palm, ... Hot Springs |
| 2/26/2005 | | | | 911 | | | ... Desert Hot Springs |
| 2/26/2005 | 19:12 | | | 911602CK | 210 | | ... Desert Hot Springs |
| 2/26/2005 | 19:54 | | | 211CZ | AD | | ... Palm Drive, Desert Hot Springs |
| 2/26/2005 | 20:00 | | | 911PC | PT | 210 | 6600 Pierson Blvd, Desert Hot Springs |
| 2/26/2005 | 20:04 | | | 602 | FA | 203K | ... Ave, #20, Desert Hot Springs |
| 2/26/2005 | 20:21 | | | 911CER | PX | 210K | ... Desert Hot Springs |
| 2/26/2005 | 20:29 | | | 459BH | AG | 203K | ... Home, Desert Hot Springs |
| 2/26/2005 | 20:31 | | | 911 | AD | 210 | ... |
| 2/26/2005 | 20:45 | | | 911 | DV | 210 | ... |
| 2/26/2005 | 21:00 | | | 911 | UN | | ... Springs |
| 2/26/2005 | 21:01 | | | 602 | CK | | ... Desert Hot Springs |
| 2/26/2005 | 21:02 | | | PC | DV | 5 | ... Ave ... Hot Springs |
| 2/26/2005 | 21:05 | | | 602 | DV | | 911 Sun ... |
| 2/26/2005 | 21:30 | | | 911DC | DV | 210 | ... Vista Del Valle, ... Springs |
| 2/26/2005 | 21:45 | | | 602 | G.. | 203K | ... Desert Hot Springs |

DESERT HOT SPRINGS POLICE

Page 8

INCIDENT SUMMARY

2/26/2005 - 2/26/2005

12/29/2010

| Date | Time | | Type | Pa ge | | Name |
|------|------|---|------|-------|---|------|
| 2/26/2005 | 23:40 | | | | | |
| 2/26/2005 | 23:57 | | 10 TRAN | | | |

333 South Grand Avenue, Suite 1670
Los Angeles, California 90071
tel 213.626.2906
fax 213.626.0215
www.meyersnave.com

Lala Kahramanian
*Attorney at Law*
lkahramanian@meyersnave.com

# meyers nave

June 24, 2011

VIA FACSIMILE
(31) 395-5801

Michael D. Schwartz
SILVER, HADDEN, SILVER, WEXLER &
LEVINE
1428 Second Street, Suite 200
Santa Monica, CA 90407-2161

Re:  *United States v. Anthony Alonzo Sclafani*
     U.S. District Court, Central District, Case No. 10-CR-00163-UA

Dear Mr. Schwartz:

This office serves as the City Attorney for the City of Desert Hot Springs. This letter is written in response to the two subpoenas that were issued by the court on behalf of your client in the above-referenced case. The City of Desert Hot Springs hereby objects to a majority of your requests in the interest of protecting the statutorily-sanctioned privacy rights of the City's peace officers. As you may know, there is a conflict between state and federal law regarding the requested documents. Under state law, an officer's personnel file as well as internal affairs investigation reports are considered both official information and privileged documents, which are not subject to disclosure. (Evidence Code § 1040; Penal Code § 832, *et seq.*) Thus, the City could potentially be liable for disclosing that material without an order of the Court.

To resolve this matter as expeditiously as possible, we propose that the parties discuss the issues further with the magistrate judge in the form of an informal telephonic conference. As a further safeguard to the officers' privacy rights, we will ask the Court to conduct an *in camera* review, and we will also seek a protective order in the event that any information is ordered to be disclosed.

A PROFESSIONAL LAW CORPORATION     OAKLAND     LOS ANGELES     SACRAMENTO     SAN FRANCISCO     SANTA ROSA     FRESNO

Michael D. Schwartz
June 24, 2011
Page 2

Please contact us at your earliest convenience so that we may make the necessary arrangements with the Court.  We look forward to discussing these matters with you directly in hopes of promptly resolving this issue.

Very truly yours,

Lala Kahramanian

lk:lk
c: Patrick Williams, Chief of Police
   Dan Bressler, Police Commander
   Jason Simpson, Assistant City Manager
   Ruben Duran, City Attorney

1666809.5

333 South Grand Avenue, Suite 1670      Lala Kahramanian
Los Angeles, California 90071             *Attorney at Law*
tel 213.626.2906                          lkahramanian@meyersnave.com
fax 213.626.0215
www.meyersnave.com

# meyers | nave

August 1, 2011

VIA FACSIMILE
(310) 395-5801

Michael Simidjian
SILVER, HADDEN, SILVER, WEXLER &
LEVINE
1428 Second Street, Suite 200
Santa Monica, CA 90407-2161

Re:   *United States v. Anthony Alonzo Sclafani*
      U.S. District Court, Central District, Case No. 10-CR-00163-UA

Dear Mr. Simidjian:

I have made several efforts to informally resolve our clients' respective positions concerning the two subpoenas that were issued by the Court on behalf of your client in the above-referenced case. As indicated in the earlier correspondence, and during our numerous telephone conversations, the City of Desert Hot Springs ("the City" or "DHS") objects to a majority of your requests in the interest of protecting the privacy rights of the City's peace officers. I have attempted to contact you via telephone over the past few weeks, and I have left you at least three messages, but I have not received a response. Pursuant to Federal Rules of Civil Procedure, Rule 37 and Local Rule 37 et seq., this is my final effort to resolve the manner informally before resorting to judicial intervention.

Your client is requesting the following information:

1.  [A] copy of the Internal Affairs Investigation interview tapes that were conducted on the Internal Affairs investigations on the Jamal White case, that occurred on February 24, 2005, and the Angelica VARGAS case, on February 25, 2005. The IA investigations were conducted by Internal Affairs Connections, Inc., and the investigator was Daniel R. Tregarthen. The IA investigations were conducted between February 25, 2005 and June 2005. The interview tapes were released to the Desert Hot Springs Police Department to the Assistant Chief, Mike Hole and those tapes would be kept in the IA files in the Chief's Office.

    This Request is overly broad and it seeks confidential information of former and current DHS police officers. Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P.

A PROFESSIONAL LAW CORPORATION      OAKLAND   LOS ANGELES   SACRAMENTO   SAN FRANCISCO   SANTA ROSA   FRESNO

Michael Simidjian
August 1, 2011
Page 2

Rule 26(b)(1). However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c). Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c). Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2. Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

This Request seeks a tape recording concerning an IA investigation into the Jamal White case. The City objects to this request insofar as the tape recording may include confidential information concerning the City's officers, employees, or other third persons. Alternatively, and assuming that such a tape exists, the City will request that the Court conduct an in camera review prior to disclosing any information. The City will also seek a protective order in the event that any information is ordered to be disclosed. (See *Kelly v City of San Jose*, 1987 U.S. Dist. LEXIS 15271, at *3.)

2.  Copies of RIMS individual records listing the specific detail information for each call on the dates of Febraury 25, and February 26, 2005. These records previously requested but only the detail RIMS information reports were provided for February 24, 2005, were provided by the department. See attached RIMS incident Summary report for details.

The City does not object to this request and it will disclose the information pursuant to a protective order.

3.  Request a copy of the 2007 DHSPD Management Study regarding staffing evaluations and recommendations. This study was conducted by Lewis Partners and was conducted by a Chief of Police from a Northern California Department possibly named Mike McCraney or similar sounding name. (Unknown correct spelling)

This Request is overly broad, and it seeks confidential information concerning former and current DHS police officers and/or employees. Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1). However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c). Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect

Michael Simidjian
August 1, 2011
Page 3

a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c). Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v. Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2. Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

The City objects to this request insofar as the Study may include confidential information concerning the City's police officers, employees, or other third persons. Assuming that such a Study exists, the City will request that the Court conduct an in camera review prior to disclosing any information. The City will also seek a protective order in the event that any information is ordered to be disclosed. (See *Kelly v. City of San Jose*, 1987 U.S. Dist. LEXIS 15271, at *3.)

4. Request a copy of Sgt. Anthony Sclafani's shooting incident report(s) for a shooting that occurred in 2007 with the suspect, James French.

This Request is overly broad, and it seeks confidential information concerning former and current DHS police officers. Parties may obtain discovery regarding "... any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1). However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c). Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c). Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v. Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2. Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

The City does not object to disclosure of Sergeant Sclafani's shooting incident report(s) for a shooting that occurred in 2007 with the suspect, James French. However, to the extent that these reports may mention other DHS police officers or employees, the City will request that the Court conduct an in camera review. The City will also move to redact those documents or sections which implicate the privacy rights of third party individuals. The City will also seek a protective order in the event that any information is ordered to be disclosed. (See *Kelly v. City of San Jose*, 1987 U.S. Dist. LEXIS 15271, at *3.)

Michael Simidjian
August 1, 2011
Page 4

5. Requesting digital copies of the booking photographs of the arrest of Jamal White on February 24, 2005, and the booking photographs on the arrest of Angelica Vargas on Febuary 25, 2005. SEE ATTACHMENTS: Page # 2 additional documents being subpoenaed.

The City does not object to disclosure of the booking photographs of Jamal White on February 24, 2005, and Angelica Vargas on February 25, 2005.

6. Request copies of any and all documents of the injuries sustained to Jamal WHITE on February 24, 2005, and Angelica VARGAS on February 25, 2005, due to being pepper sprayed or tased on those date.

This Request is overly broad, and it seeks confidential information concerning former and current DHS police officers . Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1). However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c). Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c). Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2. Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

To the extent that these "documents" mention other DHS officers or employees, the City will request that the Court conduct an in camera review. The City will also move to redact those documents or sections which implicate the privacy rights of these third party individuals. The City will also seek a protective order in the event that any information is ordered to be disclosed. (See *Kelly v City of San Jose*, 1987 U.S. Dist. LEXIS 15271, at *3.)

7. Request copy of photograph of former officer Dennis Decker from his ID card or other photo in his Personnel file.

This Request seeks information that is irrelevant. Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1). However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from

Michael Simidjian
August 1, 2011
Page 5

oppressive demands. Fed. R. Civ. P. Rule 26 (c). Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c).

8.  Request a complete copy of Andrea Heath's personnel file up and through June 2011.  Thos records should include any and all IA investigations or other investigations or counseling sessions conducted or being conducted on or against Andrea Heath.

This Request is overly broad and it seeks confidential information from a peace officer's personnel file. Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1).  However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c).  Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c).  Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2.  Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

The City objects to this Request because disclosure of Andrea Heath's personnel file will result in a violation of her federal and state recognized privacy rights.

9.  Request a complete copy of any and all complaints Andrea Heath has made against the department including complaints against the Chief, Command Staff, Sgt. Anthony Sclafani and any other officer or officers on the department.  To include any and all IA investigative reports regarding those complaints.

This Request is overly broad and it seeks confidential information from a peace officer's personnel file. Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1).  However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c).  Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance,

Michael Simidjian
August 1, 2011
Page 6

embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c). Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2. Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

The City objects to this Request because disclosure will result in a violation of DHS police officers' federal and state recognized privacy rights.

10. Request a complete copy of all training records including any Performance Improvement Plans, and copies of the FTO training officers daily observation reports and any all records regarding Andrea Heath's fitness for duty up to and including any medical or psychological evaluations stating she is fit to return to duty at this time.

This Request is overly broad and it seeks confidential information from a peace officer's personnel file. Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. Rule 26(b)(1). However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy. Fed. R. Civ. P. Rule 26 (c). Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters. Fed. R. Civ. P Rule 26(c). Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy. *Stafford v Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2. Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

The City objects to this Request because disclosure of information from Andrea Heath's personnel file will result in a violation of her federal and state recognized privacy rights.

11. Request a copy of a current video recording for any one minute in duration of the camera on the monitors from cameras # 8 and 9 that are in the holding cells in the DHSPD jail. The position of those cameras are in the same location as they were back in 2005.

Michael Simidjian
August 1, 2011
Page 7

This Request seeks information that is irrelevant.  Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. Rule 26(b)(1).  However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands.  Fed. R. Civ. P. Rule 26 (c).  Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters.  Fed. R. Civ. P Rule 26(c).

12. Request a copy of any and all medical records or investigations including and all investigations being conducted regarding Andrea Heath and Sgt. Gabby Mendoza by the Desert Hot Springs Police Department or any other agency.

This Request is overly broad and it seeks confidential information from a peace officer's personnel file.  Parties may obtain discovery regarding ". . . any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. Rule 26(b)(1).  However, Courts are empowered to make an order necessary to protect a party, witness, consumer or employee from oppressive demands, including unreasonable violations of privacy.  Fed. R. Civ. P. Rule 26 (c).  Furthermore, courts are empowered to issue protective orders to limit discovery, and "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one of the following:... (D) forbidding inquiry into certain matters, or limited the scope of disclosure to certain matters.  Fed. R. Civ. P Rule 26(c).  Moreover, the courts have acknowledged that federal law recognizes a qualified right to privacy.  *Stafford v Social Security Administration et al.*, 2006 WL 870988 (N.D. Cal. 2006), at *2.  Finally, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them. (California Evidence Code §1043 et seq.; California Penal Code §§832.5. 832.7, and 832.8).

The City objects to this Request because disclosure of Andrea Heath's and Sgt. Gabby Mendoza's medical records and investigatory reports will result in a violation of their federal and state recognized privacy rights.

A PROFESSIONAL LAW CORPORATION    OAKLAND    LOS ANGELES    SACRAMENTO    SAN FRANCISCO    SANTA ROSA    FRESNO

Michael Simidjian
August 1, 2011
Page 8

Since the City is not a party to the litigation, it asserts sound and legitimate concerns that unbridled disclosure of the requested information can result in a violation of privacy rights for its current and former employees, as well as non-employees. Please contact me at your earliest convenience so that we may discuss these matters further, and perhaps narrow the scope of your client's requests. My office is available so that we may meet in person; otherwise, I am amenable to a telephone conference.

Sincerely,

Lala Kahramanian

lk:lk
c: Patrick Williams, Chief of Police
   Dan Bressler, Police Commander
   Jason Simpson, Assistant City Manager
   Ruben Duran, City Attorney

1685480.1

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Grand Avenue, Suite 1670, Los Angeles, California 90071.

On August 11, 2011, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LALA KAHRAMANIAN IN SUPPORT OF THEREOF** on the interested parties in this action as follows:

Michael D. Schwartz, Esq.
Silver, Hadden, Silver, Wexler & Levine
1428 Second Street, Suite 200
Santa Monica, CA  90407-2161
(310) 393-1486

**BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 11, 2011, at Los Angeles, California.

Patricia Anne McNulty

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3     At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My
4 business address is 333 South Grand Avenue, Suite 1670, Los Angeles, California 90071.

5
      On August 11, 2011, I served true copies of the following document(s)
6 described as **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF**
7 **LALA KAHRAMANIAN IN SUPPORT OF THEREOF** on the interested parties in this action as follows:

8
Steven M. Arkow, Esq.
9 Cheryl L. O'Connor, Esq.
AUSA - Office of US Attorney
10 Criminal Div - US Courthouse
312 North Spring St., 13th Floor
11 Los Angeles, CA 90012-4700
(213) 894-2434
12 (213) 894-6296 (fax)

13 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for
14 collection and mailing, following our ordinary business practices. I am readily familiar with Meyers, Nave, Riback, Silver & Wilson's practice for collecting and
15 processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business
16 with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17
      I declare under penalty of perjury under the laws of the United States of
18 America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19
      Executed on August 11, 2011, at Los Angeles, California.

20

21

22                                        Patricia Anne McNulty

23

24

25

26

27

28