ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN M. ARKOW (California Bar No. 143755)
CHERYL L. O'CONNOR (California Bar No. 173897)
Assistant United States Attorneys
   1100/1300 United States Courthouse
   312 North Spring Street
   Los Angeles, California  90012
   Telephone: (213) 894-6975/0759
   Facsimile: (213) 894-6269/6436
   E-mail: steven.arkow@usdoj.gov
           cheryl.oconnor@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 10-163-TJH |
|---|---|
| Plaintiff, | ) |
| v. | ) GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE DEFENDANT'S PARTY ADMISSIONS AND TO PRECLUDE THE INTRODUCTION OF DEFENDANT'S HEARSAY STATEMENTS BY DEFENDANT; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS |
| ANTHONY SCLAFANI, | ) |
| Defendant. | ) |
|  | ) Hearing Date: 1/30/12 |
|  | ) Hearing Time: 10:00 a.m. |
|  | ) Trial Date:   2/07/12 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files Government's Motion In Limine To Introduce Defendant's Party Admissions And To Preclude The Introduction Of Defendant's Hearsay Statements By Defendant.

The government's motion is based on the attached memorandum of points and authorities and attached exhibits, the files and records in this case, and any additional evidence and argument as

the Court permits at the hearing on this matter.

DATED: January 5, 2012					Respectfully submitted,

							ANDRÉ BIROTTE JR.
							United States Attorney

							ROBERT E. DUGDALE
							Assistant United States Attorney
							Chief, Criminal Division

							*/s/ Steven M. Arkow*
							STEVEN M. ARKOW
							CHERYL L. O'CONNOR
							Assistant United States Attorney

							Attorneys for Plaintiff
							UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant is charged in a two-count indictment, charging violations of Title 18, United States Code, Section 242 (deprivation of rights under color of law). Trial is set for February 7, 2012.

On February 24, 2005, defendant was employed as a police sergeant and watch commander with the Desert Hot Springs Police Department ("DHSPD").[1] With respect to count one, following defendant's arrest of victim J.W. at J.W.'s apartment for being under the influence of a controlled substance (marijuana) and in violation of parole, defendant used unreasonable force on victim J.W., specifically, pepper spraying J.W. while handcuffed in the back seat of defendant's patrol car during transportation to the station and repeatedly tasering J.W. at the station and in the booking area.

With respect to count two, the next day, on February 25, 2005, following the arrest of victim A.V. for drunk driving, defendant used unreasonable force, specifically, pepper spraying and repeatedly tasering A.V. at the station in the holding cell area.

Sometime after each of the above-referenced incidents, defendant wrote a separate supplemental police report to the

---

[1] A more detailed statement of facts was set forth in the Government's Motion In Limine for an Order Limiting Opinion Testimony of Use-of-force Expert filed May 23, 2011 (Document No. 43 at pages 2-4).

1

respective arresting officers' underlying incident reports, in which defendant made factual admissions regarding his uses of force against the individuals in custody. The government intends to offer into evidence certain specific portions of defendant's statements from defendant's police reports as non-hearsay admissions of a party opponent under Federal Rule of Evidence 801(d)(2)(A). These are properly admissible because they will offered against the party who made them (defendant). Attached as exhibits to this motion are defendant's two supplemental police reports that the government has marked up (in yellow highlight) to show the Court the specific portions the government intends to introduce. (A copy of defendant's supplemental police reports, entitled "Supplement 1" to the J.W. incident, No. 05-769, and "Supplement 2" to the A.V. incident, No. 05-783, are attached, respectively, as Exhibits "A" and "B").

    By contrast, defendant's reports also contain defendant's statements regarding the conduct of the individuals in custody. These statements of defendant are self-serving and not reliable. Defendant made them in circumstances where he had a motive to be less than truthful, namely, in police reports where he had to document and justify his use of force. The rules of evidence and Ninth Circuit case law make clear that a defendant is not permitted to elicit his own self-serving hearsay statements. Therefore, the Court should exclude the remaining (not marked in yellow highlight) portions of defendant's reports if offered by defendant. Similarly, defendant also made oral statements to witnesses, some of whom the government intends to call, and likewise, defendant's self-serving oral hearsay statements are

2

not admissible if offered by defendant.

By this motion, the government moves <u>in limine</u>: (1) to introduce the highlighted statements from defendant's police reports; and (2) to preclude defendant from discussing in opening statement, eliciting through cross-examination of government witnesses, or otherwise introducing any of defendant's out-of-court statements, including any oral statements to witnesses and statements in defendant's police reports, that are not offered into evidence by the government.

## II.

**DEFENDANT'S STATEMENTS IN POLICE REPORTS REGARDING USE OF FORCE**

As noted above, the government intends to offer certain written statements made by defendant to prove that he used force as a police officer. For instance, with respect to count one, defendant wrote in his police report that he pepper sprayed J.W. while in his patrol car on the ride from J.W.'s residence to the jail. (<u>See</u> Ex. "A" at 1). Defendant also wrote that after they arrived at the station, defendant tasered J.W. inside the booking area of the jail. <u>Id.</u> With respect to count two, defendant wrote in his police report that he pepper sprayed A.V. inside the holding cell at the jail and afterwards tasered A.V. on more than occasion. (<u>See</u> Ex. "B"). The government will offer certain statements from defendant's police reports for the limited purpose of establishing a few specific facts relevant to proving that defendant used force and what type of force defendant used.

In the course of making these statements, however, defendant provided his own self-serving justifications for using force. For example, with respect to count one, defendant justified his

pepper spraying J.W. by claiming that J.W. was kicking the patrol car window. (See Ex. "A" at 1). Defendant also justified tasering J.W. by claiming that J.W. attempted to spit and kick at defendant. Id. Similarly, with respect to count two, defendant justified his pepper spraying A.V. by claiming that she ran toward him in the holding cell. (See Ex. "B"). Defendant also justified tasering A.V. by claiming that she was running away from him. Id. These hearsay statements of defendant, if offered by him, should not be admitted.

### III.

### APPLICABLE LAW

Federal Rule of Evidence 801(d)(2) excludes from the definition of hearsay admissions by a party-opponent which are offered against the party because the adversarial process allows the party-declarant to rebut his own admissions by testifying at trial. Rule 801(d)(2), however, does not extend to a party's attempt to introduce his own statements through the testimony of other witnesses or documents. Indeed, if such statements were deemed admissible under Rule 801(d)(2), the result would be an end-run around the adversarial process by, in effect, allowing testimony without being under oath, facing cross-examination, or being subjected to scrutiny by the jury whose role is to assess the credibility of the sworn witnesses. See United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005) (citing Fed. R. Evid. 801(d)(2) & advisory committee's note ("Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of

the hearsay rule")).

## IV.

## ARGUMENT

Accordingly, in this case, defendant may not elicit his own prior out-of-court statements during the upcoming trial, including statements he wrote in his police reports, without subjecting himself to cross-examination. Defendant's prior statements are only admissible if offered against him, i.e., by a party-opponent (the government). See Fed. R. Evid. 801(d)(2)(A). To permit otherwise would place a defendant's statements "before the jury without subjecting himself to cross-examination, precisely what the hearsay rule forbids." United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (district court properly granted the government's motion in limine to preclude defendant from introducing his own post-arrest statements through cross-examination of INS agent), quoting United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988); United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999) ("a defendant cannot attempt to introduce an exculpatory statement made at the time of his arrest without subjecting himself to cross-examination"); United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007); United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985) (same).

The reason for the limitation set forth in Rule 801(d)(2) is clear: the government may not compel a defendant to testify at trial and therefore can only introduce his statements through a third party; the defendant, on the other hand, is in control of the decision whether or not to testify and therefore always

retains the freedom to rebut any statement by taking the stand. A contrary rule would allow the defendant to make pretrial exculpatory statements to third parties and then to call the third parties at trial, thereby allowing him to place his story in front of the jury without facing the risk (and truth-seeking function) of cross-examination.[2]

## V.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court grant the government's motion to: (1) permit the government to introduce the highlighted statements from defendant's police reports; and (2) preclude the admission of defendant's hearsay statements that are not offered into evidence by the government.

---

[2] The rule of completeness set forth in Fed. R. Evid. 106 does not dictate a contrary result governing the preclusion of defendant's statements from his supplemental police reports. Although Rule 106 provides:
> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

(Fed. R. Evid. 106), even where the rule of completeness applies to written statements, it does not permit the admission of otherwise excludable hearsay. See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (exclusion is proper because hearsay is not admitted, regardless of Rule 106).

6