Steven A. Sherman, Esq. Bar No. 113621
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 Telephone
(714) 953-1143 Facsimile
ssherman@law4cops.com

Attorneys for Specially Appearing Respondent, Riverside
County Sheriff's Department



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 2:10-CR-00163 TJH |
| Plaintiff, ) | **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA;** |
| vs. ) | **MEMORANDUM OF POINTS AND AUTHORITIES;** |
| ANTHONY ALONZO SCLAFANI, ) | **DECLARATION OF STEVEN A. SHERMAN IN SUPPORT THEREOF** |
| Defendant. ) | |
| RIVERSIDE COUNTY SHERIFF'S ) DEPARTMENT, ) | **DATE: February 3, 2012** |
| Respondent. ) | **TIME: 10:00 a.m.** |
| ) | **CTRM: 17** |

PLEASE TAKE NOTICE that on February __, 2012 at 10:00 a.m. at 312 North Spring Street, Los Angeles, California, Courtroom 17, Respondent, Custodian of Records for the Riverside County Sheriff's Department ("Custodian" or "Respondent") will move to quash the subpoena issued by the United States Attorney's Office ("U.S.").

Respondent objects to the government's two subpoenas served between December 29, 2012, and January 12, 2012, which seek, among other categories of documents and things, the complete personnel files and background records of not only

1    the Defendant, but also four (4) former Riverside County Sheriff deputies who do not

2    appear to be parties in the underlying criminal case. Respondent seeks that the subpoena

3    be quashed on the grounds that disclosure of the records would violate the statutory

4    confidentiality and privilege of the Defendant and former deputies, and individuals not

5    parties to the underlying proceedings.

6        In the alternative, Respondent seeks a protective order by the Court to control the

7    use and dissemination of said records as well as an order to absolve Respondent of any

8    possible liability for the release of said confidential/informational records.

9        This motion is based on this notice and motion, the memorandum of points

10    and authorities filed herewith, all matters that may or must be judicially noticed, the

11    pleadings and papers herein, and all matters that mayor must be raised at hearing on

12    this motion.

13    DATED: January 27, 2012          FERGUSON, PRAET & SHERMAN
A Professional Corporation

14

15                               By:    /s/ Steven A. Sherman

16                                  Steven A. Sherman,
Attorneys for Respondent Riverside
County Sheriff's Department

17

18

19

20

21

22

23

24

25

26

27

28

## 1.    INTRODUCTION.

The U.S. Government (hereinafter "U.S.") generally seeks documents pertaining to suspected wrongdoing of any kind, perjurious conduct, acts of dishonesty, allegations of excessive force, lack of truthfulness, video footage, audio tape recordings, disciplinary investigations and findings, the majority of which implicate the privacy rights of all the former Riverside County Sheriff's Department ("RSO") deputies, including the Defendant.  Due to the overbroad nature of the requests, it is impossible for the Custodian to comply with the request without violating the recognized privacy rights of the former deputies.  While similar, the requests in the two (2) separate subpoenas are different as can be seen herein.

With regard to the instant two (2) subpoenas, Respondent objects to all requests on the grounds that these requests are impermissibly vague and overbroad, and the requests impermissibly invade the federal and state statutory and common law privileges of the former deputies, and possibly even the Defendant himself.  Respondent further objects on the grounds that U.S. has failed to demonstrate the relevancy of these requested documents.  This applies twofold to the records sought for the four (4) non-party former deputies.

As this Court is well aware, federal law recognizes an individual's right to privacy, and even in instances of public employment - such as peace officers - a qualified right to privacy operates to protect individuals from wanton and indiscriminate disclosure.  Moreover, in California, the records of peace officers are confidential, and only certain designated individuals and entities are entitled to view them.  While not controlling in federal court, California Evidence Code § 1043 et seq.; California Penal Code §§ 832.5, 832.7, and 832.8.  Colloquially referred to as Pitchess motions, the statutory scheme laid out in California Evidence Code § 1043, et seq. represents the

1   exclusive means for accessing a peace officer's personnel files in any

2   California civil or criminal proceeding.

3       Based upon both federal and state law, and absent a Court Order and

4   Protective Order, Respondent requests that the Court require U.S. to establish

5   the materiality, necessity, and relevance of demanding documents which

6   contain confidential and privileged materials. Alternatively, Respondent

7   requests sufficient time that would allow the Respondent to conduct a review

8   of these old records for presentation to the Court for an *in camera* review as to

9   whether they need to be produced at all.  Lastly, should these records be

10  produced, then Respondent respectfully requests that the accompanying

11  Protective Order be issued along with the documents so as to protect and

12  control their usage.

13  **II.   INFORMATION SOUGHT.**

14      Through its outstanding subpoenas, U.S. seeks the following

15  information from the Custodian of Records:

16      **A.    As to the Defendant.**

17          Any and all personnel records relating to any

18          suspected wrongdoing of any kind by Anthony

19          (Tony) Alonzo Sclafani during the course of his

20          employment with the Riverside Sheriff's Office. The

21          subpoenaed records include formal records, personal

22          records, notes, computer records, recordings of any

23          kind, photographs or other visual depictions, and any

24          other method of documenting any investigation into,

25          or findings of, wrongdoing on the part of Anthony

26          Sclafani.  The records also include any disciplinary

27          findings and discharge documents.  The subpoenaed

28          items include records that have been actively

            maintained, stored, or are capable of reconstruction

by searching deleted computer or other electronic
files. The subpoenaed items include records, as
described above, that are maintained by the Riverside
Sheriff's Office, attorneys for the Riverside Sheriff's
Office, and any employee of the Riverside Sheriff's
Office or any agency that is affiliated with the
Riverside Sheriff's Office that has dominion and
control of the records. The subpoenaed items
include statements by Anthony Sclafani, other law
enforcement officers, and civilian witnesses
regarding any alleged wrongdoing.

**B.    As to the Four (4) Non-Parties**

Any and all records relating to any suspect
wrongdoing of any kind, perjurious conduct, acts of
dishonesty, allegations or complaints of excessive
force, improper tactics, aggressive behavior,
improper search and seizure of evidence,
presentation of false evidence or reports, and lack of
candor or truthfulness, and disciplinary actions. The
records include formal records, personnel records,
notes, computer records, recordings of any kind,
photographs or other visual depictions, and any other
method of documenting any investigation into, or
findings of, related to the above-requested records.
The records also include any disciplinary findings
and discharge documents. The subpoenaed items
include records that have been actively maintained,
stored, or are capable of reconstruction by searching
deleted computer or other electronic files. The

1    subpoenaed items include statement by the above-

2    referenced individuals, other law enforcement

3    officers, and civilian witnesses regarding any

4    allegations relating to the above-requested records.

5    The Riverside County Sheriff's Department Custodian objects and

6    hereby moves to quash both subpoenas as there has been no explanation or

7    purpose given for the disclosure of records pertaining to these non-party

8    individuals and/or the Defendant himself.

9    Should the Court determine that there is a valid purpose for the

10   disclosure and said purpose weighs heavily against the confidentiality afforded

11   to this material, Respondent asks that the Court review the documents *in*

12   *camera* in order to limit the scope of the subpoena, and respectfully requests

13   that the Court issue the accompanying Protective Order.

14   Respondent has no desire to impede justice, but rather only to protect

15   certain records in its custody and control that are confidential in nature.

16   **III.   ARGUMENT**

17   **A.    Authority for Motion to Quash/Protective Order**

18   Courts are empowered to make any order necessary to protect a party,

19   witness, consumer, or employee from oppressive demands, including

20   unreasonable violations of the right of privacy of a witness, consumer, or

21   employee. Fed. R. Civ. P. Rule 26(c).

22   Furthermore, Courts are empowered to issue protective orders to limit

23   discovery, and "may make any order which justice requires to protect a party

24   or person from annoyance, embarrassment, oppression, or undue burden or

25   expense, including one of the following ... (D) forbidding inquiry into certain

26   matters, or limiting the scope of disclosure or discovery to certain matters .... "

27   Fed. R. Civ. P. Rule 26(c); see also Young v. Hernandez, 2007 U.S. Dist.

28   LEXIS 21157 at *9 (S.D. Cal. 2007) (the scope of plaintiffs subpoenas ... must

1  be limited ... Production of the entire files would result in improper disclosure

2  of official documents and impose unnecessary burden on the custodian).

3      Moreover, courts have authority to apply civil discovery rules in the

4  criminal context. <u>United States of America v. Marcus Schloss & Co., Inc.</u>,

5  1989 U.S. Dist. LEXIS 6271 at *4 (S.D. N.Y. 1989); <u>see also</u> <u>United States v.</u>

6  <u>Paxton</u>, 861 F.2d 730, 735-36 (D.C. Cir. 1988) (applying FRCP Rule 26

7  principles in quashing subpoena duces tecum served by defendant in a

8  criminal proceeding).

9      **B.**    **The Subpoenas are Overbroad, Unreasonable, and**

10     **Oppressive**

11     On or around January 12, 2012, the Custodian of Records for the

12 Riverside County Sheriff's Department received two (2) subpoenas from U.S.

13 requesting production of the items listed above, at II.

14     As can be seen, the requests pertain to internal affairs investigations and

15 the contents of personnel files of not only the Defendant, but four (4) non-

16 party former employees, as well as a variety of other requests. Due to the

17 overbroad nature of the requests, it is impossible for the Custodian to comply

18 with the request without violating the recognized privacy rights of the former

19 RSO deputies.

20     **C.**    **The Subpoena Seeks Sensitive and Confidential Information**

21     In this case, U.S. seeks documents that both federal common law

22 and the California Legislature have deemed should be confidential, and

23 disseminated only to a certain select group, and only as necessary. While not

24 necessarily controlling in federal court, California <u>Penal Code</u> § 832.7(a)

25 provides, in part:

26         A peace officer or custodial officer personnel records

27         and records maintained by any state or local agency

28         pursuant to Section 832.5 or information obtained

            from these records, are confidential and shall not be

1  disclosed in any criminal or civil proceeding except

2  by discovery pursuant to Sections 1043 and 1046 of

3  the Evidence Code.

4  Further, California Evidence Code § 1043 states, in pertinent part:

5  (1) ... the party seeking [peace or custodial officer

6  personnel records] shall file a written motion with

7  the appropriate court ... upon written notice to the

8  governmental agency ... (b) the motion shall include

9  the following: (1) ... (2) A description of type of

10  records or information sought. .. (3) Affidavits

11  showing good cause for the discovery or disclosure

12  sought, setting forth the materiality thereof to the

13  subject matter involved in the pending litigation ...

14  Federal common law also recognizes a qualified right to privacy.

15  Stafford v. Social Security Administration et al., 2006 LEXIS 20124 at *7

16  (N.D. Cal. 2006).  Parties may obtain discovery regarding " ... any matter, not

17  privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P.

18  Rule 26(c)(l).

19  Federal common law also recognizes a qualified privilege for official

20  information.  Young v. Hernandez, 2007 U.S. Dist. LEXIS 21157 at *3-4;

21  citing Kerr v. United States Dist. Ct. for ND Cal., 511 F.2d 192 (9th Cir.

22  1975).  Government personnel files are considered official information.

23  Young at *4 (citations omitted).  In applying this right to privacy, the Stafford

24  Court used a balancing test which weighed the need for the information sought

25  against the privacy right asserted.  Id.

26  The Court looked at four factors as it weighed the competing interests:

27  (1) the relevance of the requested materials to the litigation, (2) whether the

28  requested information was available from alternative, less intrusive sources;

-6-

1    (3) whether a protective order could be fashioned to address any concerns over

2    disclosure and (4) what was the resultant harm, if the information was ordered

3    disclosed. Id.

4         In this case, Respondent has demonstrated legitimate concerns

5    regarding the sensitive and confidential nature of the documents sought by

6    U.S. Moreover, Respondent has presented sufficient authority to

7    support an order to quash the subpoenas; or at the very least, for

8    the Court to conduct an *in camera* review in order to limit the scope of the

9    requests to relevant and necessary materials.

10        **D.    U.S. has Failed to Demonstrate that the Materials Sought Are**

11             **Relevant, Especially as to the Four (4) Non-Defendant Parties.**

12        Rule 17( c) is not a method of discovery in criminal cases and "courts

13    must be careful that Rule 17(c) is not turned into a broad discovery device

14    undercutting the strict limitation of discovery in criminal cases found in Fed.

15    R. Crim. P. 16." United States v. Cherry, 876 F.Supp.547, 552 (S.D.NY

16    1995); citing United States. v. Cuthbertson, 630 F.2d 139, 146 (3rd Cir.

17    1980).

18        To ensure that Rule 17(c) subpoenas are not so abused, a party

19    seeking production of documents must demonstrate that the materials sought

20    are (l) relevant; (2) admissible; and (3) specifically identified. US. v.

21    Cherry, supra, at 552 (citations omitted).

22        In United States v. Fields, *infra*, the Ninth Circuit reversed the district

23    court's denial of a nonparty witness's motion to quash a Rule 17 subpoena on

24    the grounds that defendants had failed to demonstrate compliance with the

25    factors required for the issuance of a subpoena, including the requirement that

26    the materials sought be evidentiary and relevant. United States v. Fields, 663

27    F .2d 880 (9th Cir. 1981). The Court further held that evidentiary use of

28    statements and transcribed interviews of witnesses for impeachment purposes

1   was insufficient to justify the pretrial production of documents. Id. By the

2   very nature of the requests, these are some of the various items that U.S. now

3   seeks.

4          In the instant matter, U.S. has not proffered evidence establishing

5   the relevance of the confidential information. Given Respondent's concerns

6   regarding the sensitive and confidential nature of the documents sought by the

7   subpoenas, Respondent is seeking an order quashing the extreme overbreadth

8   of the items noted in both subpoenas.  In the alternative, Respondent requests

9   that the Court conduct an *in camera* review in order to limit the scope of the

10  subpoenas and/or the potential materials sought.

11         U.S. did provide Respondent with an existing protective order covering

12  certain items in this case signed by Judge Nguyen, but Respondent is

13  concerned that it does not cover the items and/or parties listed in the

14  subpoenas.

15         Additionally and despite possible prior agreement, it now appears that

16  Defendant's attorneys are presently unwilling to enter into any protective order

17  curing Respondent's concerns with the items sought.

18         **E.   Meet and Confer Process Between the Parties**

19         Respondent's counsel had attempted on several occasions to speak with

20  defense counsel to address the concerns noted above, and left four (4)

21  separate voice mail messages; no calls were returned until January 27, 2012,

22  (See, Decl. of Steven A. Sherman), at which time defense counsel declined the

23  proposition of any possible protective order.

24         As noted above, Respondent is in an unenviable position.  It has

25  attempted to come to an agreement as to the production of Defendant

26  Sclafani's records, i.e. a protective order, however, counsel will not stipulate

27  to such disclosure.

28  ///

-8-

1    Counsel for U.S. has provided a copy of the present Protective Order,

2    however, it does not cover the four (4) former deputies who appear to have no

3    relation to this litigation. While U.S. has indicated a willingness to enter into

4    a new stipulation and protective order, Defendant's attorneys will not so agree.

5    As an aside, the proposed stipulation would not likely apply to the four (4)

6    unrelated former deputies in any event since as non-parties, there is no one to

7    protect their interests other than Respondent. As such, the Motion to Quash

8    cannot be avoided.

9    **IV.    CONCLUSION**

10    For the reasons stated above, this Court should issue an order quashing

11    the subpoenas. In the alternative, Respondent asks that the Court review the

12    documents *in camera* in order to limit the scope of the subpoenas, and

13    respectfully requests that the Court issue the accompanying Protective Order

14    if any records are ordered to be disclosed and maintained.

15    DATED:  January 27, 2012                FERGUSON, PRAET & SHERMAN
                                             A Professional Corporation
16

17                                            /s/ Steven A. Sherman

18                                           Steven A. Sherman, Attorneys for
                                             Respondent Riverside County Sheriff's
19                                           Department

20

21

22

23

24

25

26

27

28

## DECLARATION OF STEVEN A. SHERMAN

I, Steven A. Sherman, declare and state as follows:

1.    I am the attorney for Respondent Riverside County Sheriff's Department as such pertains to Defendant's subpoenas which are the subject of this Motion to Quash.

2.    I am a partner with the law firm of Ferguson, Praet & Sherman, and duly licensed to practice in the State of California in both state and federal venues.

3.    I make this declaration in support of Respondent's Motion to Quash.

4.    Respondent has been served with two (2) separate subpoenas by the U.S. government.  One pertains to Defendant Sclafani and lists a production date of February 17, 2012.  This subpoena was faxed to my office on December 29, 2011, and received by RSO on January 12, 2012.  Attached hereto as Exhibit "A" is a true and correct of said subpoena.  It has been since learned that the true date for production is February 7, 2012.  U.S. did offer to rectify the typographical error and send an amended subpoena with the February 7, 2012, production date, however, I informed them that that was not necessary.

5.    Respondent was also served with a second subpoena which pertains to four (4) former deputies.  This subpoena lists a production date of February 7, 2012, and was received by Respondent on January 12, 2012.  Attached hereto as Exhibit "B" is a true and correct copy of said subpoena.

6.    Prior to seeking ex parte relief, I had attempted over the last week to contact counsel for Defendant Sclafani to discuss the possibility of entering into a stipulated protective order concerning the documents sought by U.S. I received no return calls which prompted a letter to be written on January 27, 2012, advising that should I not hear back from their office, I would be filing a motion to quash.  Attached hereto as Exhibit "C" is a true and correct of said January 27, 2012, correspondence.

7.     In response to this letter, I did receive a call from defense Attorney Simidjian indicating that they were not interested in entering into any type of stipulated protective order in this matter.  As such, that option came off the table thereby making a motion necessary.

8.     I have had discussions with counsel for U.S. who has indicated that a Protective Order has already been issued in the case and as such, there is no reason to not produce the documents.  On January 20, 2012, Attorney Arkow was kind enough to fax me a copy of the Protective Order, signed by Judge Nguyen, for review.  Attached hereto as Exhibit "D" is a true and correct copy of said Protective Order.

9.     Upon reviewing the Protective Order, it is clear that it only pertains to Defendant Sclafani, and then, to only certain material.  There is absolutely no protection in that Order provided to the four (4) former deputies.

10.     These four (4) former deputies are entitled to the same confidentiality protections as the Defendant and as such, since defense counsel is not willing to stipulate to a protective order, and U.S. believes the present Order covers the material requested, Respondent is left with only one option and that is a motion to quash.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 27th day of February 2012, in Santa Ana, California.

Steven A. Sherman
Declarant

-11-

**EXHIBIT A**



# FAX

# TRANSMISSION

### FEDERAL BUREAU OF INVESTIGATION
11000 Wilshire Blvd., Suite 1700
Los Angeles, CA 90024
Squad CR-1 / CIVIL RIGHTS
Tel: (310) 477-6565
Fax: (310) 996-4051

| | | | |
|---|---|---|---|
| **To:** | Mr. Steve Sherman<br>Riverside Sheriff's Attorney<br>1631 E. 18th Street<br>Santa Ana, CA 92705 | **Date:** | 12/29/2011 |
| **Fax #:** | 714-953-1143 | **Pages:** | 3 (Incl cover) |
| **From:** | SA Efren A. Delgado, FBI | | |
| **Subject:** | Anthony Sclafani | | |

Mr. Sherman,

Per our conversation on 12/29/2011, please provide the requested materials captioned in the attached letter and subpoena from AUSA Michael Stern, (213)894-3898.

Thank you for your assistance,

Efren

SA Efren A. Delgado
(310) 996-4365 *desk*
(310) 692-5384 *blackberry*
efren.delgado@ic.fbi.gov



**U. S. Department of Justice**

*United States Attorney*
*Central District of California*

*Michael J. Stern*
*Assistant United States Attorney*
*(213) 894-3898*
*(213) 894-3713 (facsimile)*

*312 North Spring Street*
*Los Angeles, California 90012*

December 27, 2011

(By Mail)

<u>United States v. Sclafani</u>

Dear Counsel,

Enclosed please find a subpoena for records relating to the above-entitled case. I've issued this subpoena after not receiving return communications from you in response to an e-mail message and two telephone messages left over the last several weeks, the most recent of which was December 23, 2011. The subpoena seeks records relating to the investigation into, and discharge of, Anthony Sclafani.

You may satisfy the mandates of this subpoena by personally bringing the materials to the court set forth on the subpoena on the date required. You may avoid a court appearance by providing the materials in advance of trial to FBI agent Efren DelGado, (310) 692-5384.

Sincerely,

ANDRÉ BIROTTE JR.
United States Attorney

MICHAEL J. STERN
Assistant United States Attorney

**EXHIBIT B**

Attorney's Name, Address & Phone:

ANDRÉ BIROTTE JR., U.S. Attorney
Michael J. Stern, Assistant U.S. Attorney
312 North Spring Street, 15th Floor
Los Angeles, California 90012
Telephone (213) 894-3898
SA Efren Delgado (FBI)
Telephone (310) 477-6565

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF | CR 10-163-TJH |
| v. | |
| Anthony Sclafani, | SUBPOENA IN A CRIMINAL CASE |
| DEFENDANT(S). | |

TO:  Riverside Sherriff's Office

☒ **YOU ARE HEREBY COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

Place: Federal Courthouse, 312 N. Spring Street, Los Angeles, CA 90012 , Courtroom:  17

Date: February 17, 2012 ▪, Time:  8:30 a.m.

☒ **YOU ARE ALSO COMMANDED** to bring with you the following document(s) or object(s):

Any and all personnel records relating to any suspected wrongdoing of any kind by Anthony (Tony) Alonzo Sclafani during the course of his employment with the Riverside Sheriff's Office. The subpoenaed records include formal records, personal records, notes, computer records, recordings of any kind, photographs or other visual depictions, and any other method of documenting any investigation into, or findings of, wrongdoing on the part of Anthony Sclafani. The records also include any disciplinary findings and discharge documents. The subpoenaed items include records that have been actively maintained, stored, or are capable of reconstruction by searching deleted computer or other electronic files.  The subpoenaed items include records, as described above, that are maintained by the Riverside Sheriff's Office, attorneys for the Riverside Sheriff's Office, and any employee of the Riverside Sheriff's Office or any agency that is affiliated with the Riverside Sheriff's Office that has dominion and control of the records. The subpoenaed items include statements by Anthony Sclafani, other law enforcement officers, and civilian witnesses regarding any alleged wrongdoing.

_Terry Nafisi_

Terry Nafisi, Clerk of Court

December 27, 2011

Date

**EXHIBIT C**

LAW OFFICES

# FERGUSON, PRAET & SHERMAN

A PROFESSIONAL CORPORATION

1631 EAST 18TH STREET

SANTA ANA, CALIFORNIA 92705-7101

TELEPHONE (714) 953-5300

FAX (714) 953-1143

January 27, 2012

**VIA FACSIMILE & FIRST CLASS MAIL**
**(310) 395-5801**

Michael D. Schwartz
Michel Simidjian
SILVER, HADDEN, SILVER, WEXLER & LEVINE
1428 Second Street, Suite 200
Santa Monica, CA 90407

>        Re:    <u>U.S. v. Anthony Sclafani</u>
>               Case No. CR 10-163 TJH

Gentlemen:

I represent the Riverside County Sheriff's Department who has been served with a subpoena for records concerning their former employee and your client, Mr. Sclafani, and others.

The Department considers the records sought by the U.S. Attorney's Office to be confidential, and I have attempted to speak with both of you on several occasions to address this concern. I have left three (3) voice mail messages for Mr. Schwartz, and one (1) for Mr. Simidjian, but to no avail.

Given that the compliance date is February 7, 2012, it is imperative that we speak on this topic as soon as possible. My messages address the possibility of both a stipulated protective order and/or a motion to quash. I was hopeful that we could reach an amicable resolution concerning the production of the documents without my client incurring the expense of a motion to quash, however, should I not hear from you today, it is my intention to file the motion prior to the close of business.

Michael D. Schwartz
Michel Simidjian
Re:  <u>U.S. v. Anthony Sclafani</u>
January 27, 2012
Page 2


      I am in court today, however, my secretary, Cathy, will know how to reach me.  Feel free to contact her at the number noted above.  I will return your call promptly.

                Very truly yours,

                FERGUSON, PRAET & SHERMAN
                A Professional Corporation

                Steven A. Sherman
                Attorneys for Respondent Riverside County
                Sheriff's Department

SAS/cs
cc:    Steven Arkow, Esq.
       Mike Stearn, Esq.

**EXHIBIT D**

To: Steven Sherman
(714) 953- 1143

 1   ANDRÉ BIROTTE JR.
     United States Attorney
 2   ROBERT B. DUGDALE
     Assistant United States Attorney
 3   Chief, Criminal Division
     STEVEN M. ARKOW (California Bar No. 143755)
 4   CHERYL O'CONNOR MURPHY (California Bar No. 173897)
     Assistant United States Attorneys
 5        1120 United States Courthouse
          312 North Spring Street
 6        Los Angeles, California  90012
          Telephone: (213) 894-6975/0759
 7        Facsimile: (213) 894-6269
          Email:     steven.arkow@usdoj.gov
 8                   cheryl.murphy@usdoj.gov

 9   Attorneys for Plaintiff
     United States of America
10

11                   UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13   UNITED STATES OF AMERICA,      )   CR No. 2:10-cr-00163-JHN-1
                                    )
14                Plaintiff,        )   PROTECTIVE ORDER GOVERNING
                                    )   DISCLOSURE OF MATERIAL IN
15          v.                      )   DISCOVERY
                                    )
16   ANTHONY SCLAFANI,              )
                                    )
17                Defendant.        )
                                    )
18   _____)

19

20        Based upon and adopting the reasons set forth in the

21   Stipulation Re: Protective Order Governing Disclosure Of Material

22   In Discovery filed concurrently on August 3, 2010 by the

23   government, joined in by defendant and defendant's counsel of

24   record, Michael D. Schwartz, pursuant to Rule 16(d)(1)

25   (Protective and Modifying Orders), and for good cause shown to

26   allow the government to meet defendant's discovery request and

27   the government's discovery obligations, certain documents the

28   government produces to the defense will be governed under the

1  terms of this protective order under the following terms and
2  conditions:
3      (a)  The government is directed to produce to counsel for
4  defendant materials that have been provided to the United States
5  Attorney's Office that are employee personnel and victim
6  information to the extent that such materials are subject to the
7  government's discovery obligations;
8      (b)  Defendant and counsel for defendant will not provide
9  these materials or otherwise disclose their contents to anyone
10 else, except as necessary in preparation of the defense of this
11 criminal case to employees and agents of counsel for defendant's
12 law firm under counsel's supervision who have agreed to abide by
13 the terms of the Court's protective order;
14     (c)  Such materials covered by the Court's protective order
15 shall be disclosed only to defendant and counsel for defendant,
16 and employees and agents of counsel for defendant's law firm
17 under counsel's supervision who have agreed to abide by the terms
18 of the Court's protective order;
19     (d)  All pleadings filed with the Court which contain
20 information revealed in the materials covered by the Court's
21 protective order shall be submitted to the Court by being filed
22 under seal, and shall not be unsealed, absent prior notice to the
23 government and a subsequent Court order;
24     (e)  Defendant, counsel for defendant, and employees and
25 agents of counsel for defendant's law firm, are directed to
26 return the materials covered by the Court's protective order (and
27 any and all reproductions of these materials) to counsel for the
28 government within 30 days of the conclusion of the proceedings in

1   this criminal case;

2       (f)  The parties agree that in the event that the defense

3   intends to use or disclose any of the information revealed in the

4   material covered by the Court's protective order at a hearing,

5   trial, or any other proceeding, counsel for defendant will

6   provide to counsel for the government advance notice but not

7   later than December 1, 2010 a proffer of the specific fact(s)

8   sought by the defense to be used or disclosed during cross-

9   examination of the witness(es) in order to allow the government

10  sufficient time to seek a Court ruling, if appropriate, to

11  preclude such use or disclosure; and

12      (g)  The parties agree that the procedures for use of

13  disclosing the contents of personnel information and other files

14  containing victim identity and personal information during any

15  hearing, trial, or any other proceeding shall be determined by

16  the parties and the Court in advance.  The parties agree to

17  consider redacting information from documents to protect

18  confidentiality and request the Court to submit such documents

19  under seal.

20  IT IS SO ORDERED.

21  DATED: August 4, 2010

                                    _____
22                                  HONORABLE JACQUELINE H. NGUYEN
                                    UNITED STATES DISTRICT JUDGE
23  Presented by:

24

25  _____
    STEVEN M. ARKOW
26  Assistant United States Attorney

27

28

                                3

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Cathy Sherman, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

On January 30, 2012, served the following:

- **RESPONDENT RIVERSIDE COUNTY SHERIFF'S DEPARTMENT'S EXPARTE APPLICATION TO SHORTEN TIME TO HEAR MOTION TO QUASH; DECLARATION OF STEVEN A. SHERMAN; PROPOSED ORDER**

- **NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF STEVEN A. SHERMAN; PROPOSED ORDER**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Steven M. Arkow
United States Attorney's Office
1120 United States Courthouse
312 N. Spring Street
Los Angeles, CA 90012
(213) 894-6269 facsimile

Michael Simidjian
Michael D. Schwartz
Silver, Hadden, Silver, Wexler & Levine
1428 Second Street, Suite 200
Santa Monica, CA 90407
(310) 395-5801 facsimile

XXX (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX (By Facsimile Service) I caused the above-noted documents to be delivered by facsimile to the office of the individual(s) listed.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2012, at Santa Ana, California.

Cathy Sherman