DECLARATION OF STEVEN M. ARKOW

I, Steven M. Arkow, declare:

1.   I am a Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I and Assistant United States Attorney Margaret L. Carter represent the plaintiff, the United States of America, in this case and we tried the case before the jury.  I make this declaration in support of the Government's Sentencing Position and Response to Defendant's Objection to Presentence Report and Sentencing Memorandum.

2.   Attached as Exhibit A to this declaration are true and correct copies of the following documents described and identified by their bates-stamped pages produced to defendant in discovery:

    a.   Defendant's Use-of-Force report dated February 24, 2005 for the Jamal White incident (count one) (S426) (redacted version admitted at trial as Gov. Ex. No. 69);

    b.   Defendant's Use-of-Force report dated March 9, 2005 for the Angelica Vargas incident (count two) (S389-390) (redacted version admitted at trial as Gov. Ex. No. 58); and

    c.   Gov. Ex. No. 59, which is Desert Hot Springs Police Department officer Matthew Gutting's Use-of-Force report dated March 7, 2005 for the Angelica Vargas incident (count two) (S391).

3.   Attached as Exhibit B to this declaration are true and correct copies of the following Government Trial Exhibits

1  ("Gov. Ex."), described and identified by their bates-stamped
2  pages produced to defendant in discovery:
3        a.    Gov. Ex. No. 4 (City of Desert Hot Springs
4             Notice to Appear for Angelica Vargas (S0240);
5        b.    Gov. Ex. No. 10 (Desert Hot Springs Police
6             Department ("DHSPD") Law Enforcement Code of
7             Ethics);
8        c.    Gov. Ex. No. 12 (Desert Hot Springs Police
9             Department Policy Section 308 Re: Control Devices
10            [Tasers] and Techniques) (S0565-S0570);
11       d.    Gov. Ex. No. 15 (Desert Hot Springs Police
12            Department Policy Section 344 Re: Report
13            Preparation) (S0579-S0581);
14       e.    Gov. Ex. No. 30 (Photograph of Desert Hot
15            Springs Police Department ("DHSPD") jail booking
16            area) (S03698);
17       f.    Gov. Ex. No. 40 (Photograph of DHSPD jail
18            sallyport/parking lot outside booking area)
19            (S03716);
20       g.    Gov. Ex. No. 41 (Photograph of DHSPD jail
21            security gate) (S03663);
22       h.    Gov. Ex. No. 50 (Defendant's Taser download
23            report showing defendant fired his Taser for
24            three Taser firings for approximately forty
25            seconds in the Angelica Vargas (count two)
26            incident after DHSPD Officer Matthew Gutting
27            fired his Taser (S00266);
28

        i.    Gov. Ex. No. 51 (DHSPD Officer Matthew Gutting's Taser download report showing one Taser firing for the Angelica Vargas (count two) incident before defendant's three Taser firings (S00265);

        j.    Government Exhibit No. 56 (DHSPD Case Audit for 05-783 Angelica Vargas incident (count two) showing the evidence of the number of Taser cartridges booked into evidence was repeatedly changed (S01777-S01776); and

        k.    Government Exhibit No. 72 ((Defendant's Taser download report showing defendant fired his Taser for two Taser firings in the Jamal White (count one) incident (S00481).

4. Attached as Exhibit C to this declaration are excerpts from the deposition of Angelica Vargas on September 29, 2011 in <u>Edward Moore, Jr. et al. v. City of Desert Hot Springs, Anthony Sclafani et al.</u>, Case No. INC 060070 in the Riverside County Superior Court Indio Branch in which Ms. Vargas describes being tased by officers, and in which she describes urinating on herself as a result of the tasing and injuries to her ankle.

5. Attached as Exhibit D to this declaration are excerpts from the Riverside County Sheriff Incident Report regarding defendant's accidental discharge of his weapon while on duty on March 4, 2000.

6. Attached as Exhibit E to this declaration are excerpts from defendant's applicant interview questionnaire for the Desert Hot Springs Police Department dated October 27, 2004.

7. On July 3, 2012, after reviewing defendant's sentencing position and exhibits, including a social profile report authored by Kent Costley, the government requested any notes of Mr. Costley's interviews referenced in his report and information concerning compensation paid to Mr. Costley. The government stated that its request was based on affording the government and the Court a fair opportunity to assess the credibility of the opinions proffered in Mr. Costley's report and was also made pursuant to Fed. R. Crim. P. 26.2 governing the discovery of witness statements.

8. On July 6, 2012, counsel for defendant, Michael Simidjian, responded that the defense did not have an obligation to comply with producing the interview notes unless and until after the persons Mr. Costley interviewed for his report testified at the sentencing hearing.

9. On July 9, 2012, the government renewed its discovery request and noted that Mr. Costley is offering his opinions about defendant and a sentencing recommendation as an expert on federal sentencing issues and accordingly the government is entitled to material Mr. Costley relied on his forming his opinions and recommendations to the Court.

10. On July 11, 2012, Mr. Simidjian maintained the position not to produce the requested material. Further, Mr. Simidjian advised that sometime after July 6, 2012, he learned that Mr. Costley had "discarded/destroyed" his notes of interviews referenced in his report, as it has been Mr. Costley's standard practice upon approval of the report by the defense. In addition, Mr. Simidjian stated that defendant

declined to comply with the government's request concerning the terms and compensation of Mr. Costley's services.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July 13, 2012, at Los Angeles, California.

_Steven M. Arkow_
STEVEN M. ARKOW